EASTERN DIS.
*May*, 1833.

COLLETON,
ET AL.
*vs.*
DE ARMAS.

The lot which remains unsold, we are informed, the widow who is the petitioner in the present case, is disposed to take at a price, which added to that at which the other two were adjudicated, will cause the aggregate produce of the sales of these three lots to exceed the sum of thirty thousand dollars, at which the whole property was appraised. This, however, has not yet been effected; the lot is still unsold, and has not yet been adjudicated to the widow. Till this be done, and legally done, the defendant is not perfectly secure in his title, and, it appears to us, he did no injury to the estate, in requiring, before he gave his notes, to demand security against any accident.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and the plaintiff's petition dismissed, she paying costs in both courts.

*Soulé*, for appellant.

*Mazureau*, for appellee.

Where a tract of land and several buildings belonging to a succession, were in the inventory appraised *in globo* for a certain sum, and a division of the property was made into three parts, agreeably to the request of the widow, and, the deliberation of a family meeting for the minor children of the deceased;—and two of those parts were adjudicated at public auction, *held*, the purchaser could not be compelled to execute the contract, until the other part should be sold, unless a bond of indemnity were given to him.

---

## COLLETON, ET AL. *vs.* DE ARMAS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

If a plaintiff have two rights of action, which may both be exercised, or cumulated in the same suit, a judgment against him on one right, cannot be pleaded as *res judicata* in an action by him on the other.

Colleton and Adams, the present plaintiffs, brought an action and recovered judgment, in December, 1831, against McLeary for seven hundred and eighty-one dollars, with in-

EASTERN DIS.
May, 1833.

COLLETON,
ET AL.
vs.
DE ARMAS.

terest, for work and labor performed by them for McLeary, on the house of the present defendant, in whose hands that amount had, at the commencement of the suit, been provisionally seized. De Armas had become personally liable to the plaintiffs, by his promise to pay them, among other workmen, for their labor and materials for his house.

The defendant excepted, that another suit upon the same claim, had been instituted, and had been decided in his favor, or was then pending; and that the costs of the former suit had not been paid. He pleaded the general denial, collusion by the plaintiffs and McLeary, and a renunciation of the plaintiffs' claims against him, in consideration of a certain sum of money.

The judge *a quo* sustained the exception, and dismissed the petition. The plaintiffs appealed.

*Roselius,* for appellants.

*McMillen,* on the same side, made the following points.

1. The judge of the Parish Court erred in dismissing the plaintiffs' petition, because no other suit existed at the time for the same purpose between the same parties.

2. If the institution of the present action was not a sufficient renunciation of the right to appeal, the formal renunciation, on calling up the cause for trial, was so; and if there had been any validity in defendant's exception, such exception was destroyed by such renunciation.

3. The pleadings in the cause do not admit of the judgment which has been rendered; as the plea is that of *res judicata.*

*Denis,* for appellee.

The opinion of the court, MATHEWS, J. absent, was delivered by MARTIN, J.

EASTERN DIS.
May, 1833.

COLLETON,
ET AL.
vs.
DE ARMAS.

The plaintiffs and appellants, complain that the Parish Court erroneously sustained the defendant's plea of *litispendence*, and dismissed their suit.

They had bestowed labor and materials on a house of the defendant, at the special instance and request of McLeary, with whom the defendant had made a contract for building the house; and had obtained judgment against McLeary; and on allegations that according to the contract between their debtor and the defendant, there was a sufficient sum due from the latter to the former, to satisfy their claim, they took a rule against the defendant, to show cause why he should not be docreed to pay it to them.    Judgment having been given on the rule, it was appealed from, but the appeal was dismissed on the ground of its prematurity, the judgment not having been signed.

Afterwards the present suit was brought, in which the plaintiffs, alleging that the defendant, in order to expedite the completion of the work they had undertaken at the instance of McLeary, promised to pay them therefor. He pleaded the pendency of the summary action, originated against him by taking the rule.

The counsel of the plaintiffs has contended that the Parish Court ought not to have sustained the plea or exception of *litispendence*, because,

1. No other suit was depending for the same purpose between the same parties.

2. If any other suit existed, it was only a rule to show cause, why the defendant should not pay the plaintiffs a sum which he owed to McLeary, to whose rights they were *by law* subrogated, while the present action was for the recovery of a sum, which they claim on the defendant's own promise to them.

3. The action on the rule no longer exists after the dismissal of the appeal.

4. If the present action be not a sufficient renunciation of the right of appeal, the formal renunciation of the defendants, when the cause was called up for trial, suffices.

5. The pleadings do not justify the judgment, the exception being that of *res judicata*.

EASTERN DIS.
*May*, 1833.

COLLETON,
ET AL.
*vs.*
DE ARMAS.

6. A trial by jury was asked, and the plaintiffs could not, without their consent, be deprived of it.

7. The right of appeal was a remedy which the party might resort to or abandon, at pleasure.

The counsel for the defendant has replied, that the proceedings on the rule were a summary action, by which the plaintiffs sought to recover the very money they claim in the present action. That the dismissal of the appeal, leaves the proceedings on the rule in the state in which they were, before the appeal was taken. That the institution of the present suit wrought no renunciation of the right of appeal. That the exception is both on the ground of *res judicata* and *litispendence*; that there being no issue on a matter of fact, the question of law arising in the exception was properly acted upon by the court.

It appears to us the court erred. The plaintiffs have two rights of action, the one resulting from the law—the other from the promise of the defendant. They had a right to exercise them both, and even to cumulate them in the same action. *Code of Practice*, 151. It is true, a recovery in one of the actions would put an end to the other. He was in the case put by this article of the Code of Practice, *i. e.* that of a man who claims a slave under a will and under a contract. In resorting to the claim under the will, he need not abandon, for he may even cumulate, that on the contract, and *vice versa.*

The Code, in the preceding article, gives us an instance of distinct rights, arising on the same contract, the exercise of either of which is inconsistent with the other. The vendor cannot claim the price and the rescission of the sale. If he cumulates these claims, the court will compel him to make his election, and abandon one of them.

If a plaintiff have two rights of action, which may both be exercised, or cumulated in the same suit, a judgment against him on one right, cannot be pleaded as *res judicata* in an action by him on the other.

The recourse of the plaintiffs to the right that the law gave them, did not affect that which they have on the contract, and they might exercise, even after a judgment against them on the rule.

The proceedings on the rule, were erroneously considered as a legal exception to the plaintiff's proceeding in the ordinary way.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, the exception over-ruled, and the case remanded for further proceedings, according to law; the appellee paying costs in this court.