No. 3860.—WIDOW DE ST. ROMES *v.* CARONDELET CANAL AND NAVIGATION COMPANY. No. 3861.—WIDOW DE ST. ROMES *v.* CARONDELET CANAL AND NAVIGATION COMPANY.

A judgment between the same parties on the same cause of action is only *res judicata* as to the questions actually passed upon in the first judgment. So that questions urged in the first judgment and not passed upon by the court, may become the basis of another suit without being defeated by the plea of *res judicata.*

A continuous resistance to the enforcement of a judgment interrupts prescription from running against the action of nullity. C. P. 612.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Victor de St. Romes,* for plaintiff and appellant. *H. D. Ogden,* for defendant and appellee.

TALIAFERRO, J. In the year 1859 the Carondelet Canal and Navigation Company obtained two judgments against the Widow de St. Romes, one on the seventh of March, and the other on the tenth of November following. Before the expiration of ten years, suits were brought to prevent the judgments so obtained from being prescribed. The defendant in those suits, plaintiff in the cases now before us, set up in defense that she had never been legally cited in the original suits, and that she had never authorized any one to sign the obligations upon which those suits were predicated. Upon these issues raised in the action to revise the judgments the decision was adverse to the defendant, and she appealed. The judgment was confirmed on appeal. 23 An., 437. In due time executions were taken out on the original judgments, and the Widow de St. Romes took out injunctions to restrain the seizure and sale of her property and set up the nullity of the judgments obtained against her in 1859 on the following grounds: That the judgments were rendered without citation to her. That no person was authorized by her to subscribe to the capital stock of the company on her account, and that she did not subscribe herself nor au-

thorize an agent to subscribe for her. Judgment was rendered against the plaintiff dissolving the injunction with one hundred and twenty-five dollars for attorney's fees as damages in favor of the defendant, and the plaintiff has appealed. The defense is *res judicata* and prescription. In the suit to revive the judgment of the defendant against the plaintiff the question as to the irregularity of the original proceedings on account of the want of citation, this court deemed it unnecessary to decide. The plea of *res judicata*, therefore, so far as relates to the want of citation in the original suit, cannot apply. Neither is the action to annul prescribed. The plaintiff has opposed throughout the execution of the judgment she seeks to annul, and has not debarred herself the right of action to annul by suffering the judgment against her to be executed. C. P., 612.

There was no evidence introduced on the question of want of authority of the agent Dunges. In regard to the time of citation in the original suit the plaintiff and her two sons testified. The plaintiff herself swears that no citation was served upon her; that at the time when it is alleged to have been served she was confined to her room by sicknesss, and was most of the time in bed. The testimony of the two sons is of a negative character. One of them said it was physically impossible for the deputy sheriff to serve the citation personally upon the plaintiff, but he gave no facts tending to show why it was physically impossible. It is shown that the officer who received the citation has been dead ten years or more. The return upon the citation is shown to be in his handwriting, and it recites that service was made on the plaintiff in person. A sheriff's book was produced in which an entry was shown of corresponding date with the return on the citation, and this entry recites that service was made in person on the plaintiff at her domicile. The plaintiff admits that she received notice of judgment in 1860.

The evidence on the part of the plaintiff does not, in our opinion, overcome that exhibited by written instruments. The presumption is that the officer's return correctly sets forth facts. It is supported by the entries in the sheriff's book, in which was noted the service when made, and that it was made in person on the plaintiff, the date corresponding with the date of service as stated in the return. The plaintiff is a woman advanced in life, and the testimony in the record in regard to other facts renders it not improbable that her memory of events that passed twelve years ago may in some instances be at fault. At all events the evidence on her part falls short of making out a case that would authorize the annullment of the judgment she complains of.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

Rehearing refused.