WILLIAM WALSH and THOMAS J. McKAIG *vs.* THE CHESAPEAKE AND OHIO CANAL COMPANY.

*Actions of Assumpsit and Trover—Former recovery—Merger of cause of Action—When Trover will not lie.*

The action of trover and the action of assumpsit, in their ulterior results may afford identically the same remedy; the selection of either being a question of expediency dependent upon the character of the proof which it is in the power of the plaintiff to adduce.

The law is adverse to multiplying suits, and if a party has a choice between two actions upon the same demand, and he selects one,

which is decided by a competent tribunal, either for or against him, as a general rule he will not be permitted to resort to the other.

The plaintiffs recovered judgment in an action of assumpsit, and afterwards sued the same defendant in an action of trover, to recover damages for the conversion of the same property which had formed the subject of the action of assumpsit. On a plea of former recovery it was HELD:

That in the judgment in the first action the cause of action was merged, and could only have been revived by apt proceedings terminating in striking the judgment from the record in the Court of original jurisdiction, or by its reversal on appeal.

Where parties have sold and delivered property to another, they cannot afterwards maintain an action of trover for its wrongful conversion.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, YELLOTT, ROBINSON, IRVING. and RITCHIE, J.

*Ferdinand Williams,* for the appellants.

*William M. Price,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

This is an appeal from the judgment of the Circuit Court for Washington County in an action of trover. In that action the appellants, the plaintiffs below, sought the recovery of damages for the wrongful conversion of certain articles of personal property specifically enumerated in their declaration. The appellee, the defendant below, in addition to the general plea of not guilty, filed a plea of former recovery; relying upon the fact, that in relation to the matters then in controversy, there had been a prior adjudication between the same parties; and that the former

trial having resulted in a verdict for the plaintiffs, there was a subsisting judgment operating as a bar to a recovery in this action. It is apparent from the record that the appellants sold to the appellee a wharf for the sum of one hundred thousand dollars; there being on said wharf at the time of the sale, numerous articles of personal property, in relation to the ownership of which a controversy subsequently arose; the appellee claiming that said articles were purchased with the wharf; and the appellants disputing this claim. The controversy resulted in an action of assumpsit being brought by the appellants against the appellee in the Circuit Court for Allegany County; and in that Court the appellants were successful in obtaining a judgment. It is that judgment which is pleaded as a bar to the prosecution of this suit.

In the trial of this cause in the Court below the appellants' evidence of their right of possession to the property in dispute, and its wrongful conversion by the opposite party, having been met by the adduction of proof on the part of the appellee of a countervailing tendency in support of its special plea, the appellee offered in evidence the record of a former suit, accompanied with proof tending to identify the cause of action in that controversy with the matters now in litigation. The appellants offered evidence in rebuttal. A portion of the record in the former suit is incorporated in this record, but there has been an omission of the bill of particulars. The following agreement, signed by counsel, is intended to supply this omission:

"It is agreed that at the trial of the former case between the parties to this case, (the record of which is offered in evidence) the plaintiffs sued for and included in their bill of particulars, several items of property not included in the declaration in this cause, and that at the said first trial the plaintiffs offered evidence as to said property not in the declaration in this cause, that they had sold the same to the defendant.

"The testimony of the plaintiffs in the former trial as to the property included in the declaration in this cause, was, that they had not sold the same to the defendant when they sold the wharf for $100,000; but the personal property was to be exempted; but the plaintiffs claim that the defendant was liable in assumpsit because the defendant had taken possession of the property."

The first instruction given by the Court below, and excepted to by the plaintiffs, related to the legal effect in this suit of a former recovery in the action of *assumpsit* brought to trial in the Circuit Court for Allegany County; it being a concession that the plaintiffs in that action obtained a verdict and judgment. The jury are told in this instruction that if they find that the plaintiffs in the trial of the former cause, " claimed, as shown by the bill of particulars as shown by the record of said suit, offered in evidence, and offered evidence in said suit, the same as given in this present action, and that the defendant in the prior suit offered the same evidence as it has offered in this case, and that the Court gave instructions in the former suit, as shown by the record in that case; and that after such instructions were granted, the plaintiffs insisted before the jury that they were entitled to recover for the articles set forth in their bill of particulars, and pressed before the jury such claim, and that the articles, the conversion of which is sued for in this action, were all embraced in the bill of particulars in the former case, and were the subjects of contest as aforesaid, then this action cannot be maintained by the plaintiffs."

Upon the legal questions presented by the plaintiffs' exception to this instruction the adjudication of this Court is invoked. That a subsisting judgment, rendered by a Court of competent jurisdiction on the same cause of action between the same parties, or their privies, will operate as a bar to the maintenance of a subsequent suit when properly pleaded and proved, cannot be controverted.

Walsh and McKaig *vs.* Chesapeake and Ohio Canal Co.

The maxim, *nemo debet bis vexari pro eadem causa,* enunciates a cardinal principle which necessarily underlies every system of jurisprudence, and is, perhaps, of universal recognition wherever civilization has created Courts for the administration of justice. The rendition of a judgment, by a Court of competent jurisdiction, extinguishes the cause of action, and removes the foundation for the maintenance of a second suit growing out of the same altercation between the same parties or their privies. This is a controlling principle when the question presented is *res adjudicata.*

The appellants urge in support of their position that in bringing the former suit they made an erroneous selection of their form of action, and proceeded in assumpsit instead of in trover. The action of assumpsit had its foundation on the promise of the defendant, either express or implied, to pay for the property taken at a fair valuation. The record shows that in that suit the contesting parties made the usual efforts of litigants to obtain a final determination of the issue by verdict and judgment. In rendering a verdict for the plaintiffs the jury must have found that the defendant, either expressly or by implication, assumed to pay for the property ; its value forming the basis of their verdict. In trover the measure of damages is the value of the property which the defendant has appropriated by the wrongful conversion, with interest thereon from the date of the conversion to the verdict. It thus becomes apparent that these actions, in their ulterior results, may afford identically the same remedy ; the selection of either being a question of expediency dependent upon the character of the proof which it is in the power of the plaintiff to adduce.

" The law is adverse to multiplying suits ; and if a party has a choice between two actions upon the same demand, and he selects one, which is decided by a competent tribunal, either for or against him, as a general rule, he will

not be permitted to resort to the other." *Beall vs. Pearre, Adm'r of Brown,* 12 *Md.,* 566.

The former suit was fairly determined on its merits. The defendant's eighth prayer, which was granted in the trial of that cause, gave ample scope for the jury to find whether there was an assumpsit or a wrongful conversion. The finding of the jury was adverse to the theory of the defence.    They found for the plaintiffs in assumpsit.

Whether the cause of action in the former suit was the foundation of the present controversy was, by the instruction of the Court, fairly presented for the consideration of the jury, and formed the basis of their verdict for the defendant in the trial of this cause.    It is conceded that in the former suit a judgment was obtained, and that it is now a subsisting judgment.    In that judgment the cause of action was merged and could only have been revived by apt proceedings, terminating in striking the judgment from the record in the Court of original jurisdiction, or by its reversal on appeal.

The plaintiffs also excepted to the second instruction granted by the Court below.    This instruction relates specifically to those articles embraced in the present suit, which were not contained in the bill of particulars in the former action.    The jury are instructed "that if they find that the wharf and land, mentioned by the witnesses, were sold to the defendant by the plaintiffs, and that at the same time the articles aforesaid, being the articles not sued for in the said other action, were sold to the defendant as part of the same transaction, and for the gross sum of one hundred thousand dollars, and subsequently in March, 1878, the plaintiffs delivered possession of the said wharf and articles to the defendant under said agreement of sale, then the plaintiffs cannot recover for said articles in this action."

In granting this instruction, based upon the hypothesis of a sale and delivery of the articles designated, the Court clearly committed no error.    If the plaintiffs sold and

delivered the property to the defendant, it is manifest that they could not afterwards maintain an action of trover for its wrongful conversion.

There being no error in the ruling of the Court below the judgment will be affirmed.

*Judgment affirmed.*

