# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed January 26, 1899.

## MARIA REID
### VS.
### THE JOHN F. WIESSNER & SONS' BREWING COMPANY OF BALTIMORE CITY.

*C. Dodd McFarland* for plaintiff.
*Jno. M. Requardt* for defendant.

STOCKBRIDGE, J.—

This case comes before the Court at this time upon a bill of complaint, and plea of *res adjudicata*.

The prayer of the bill is for the payment by the defendant of the sum of $300, for the rent of certain premises leased by the plaintiff to one Miller, the lease of which had been, on the day of its execution, assigned by Miller to the present defendant, and some time subsequently again assigned by the defendant to one Jones.

To recover the rent now claimed as due, together with one month additional, a suit was brought in the Superior Court of Baltimore City, and defended upon the ground that there being no privity of contract between the parties to the suit, *no action at law* would lie after the assignment by the defendant to Jones. The validity of the assignment to Jones was denied by plaintiff, but sustained by the Court. This was held to be an effectual defense by that Court, and the judgment was subsequently affirmed by the Court of Appeals. Thereupon, the present bill was filed to which the plea of *res adjudicata* is interposed as a bar.

The principle is too well established to require any citation of authorities, that where the cause of action and the parties are the same, and a suit is prosecuted to final judgment, that determination is conclusive, not only upon the issues that may have been raised in such original trial, but as to any which might have been raised in it.

Trayhern vs. Colburn, Exr., 66 Md. 267.

Walsh vs. C. & O. Canal, 59 Md. 423.

In the present case, however, it is difficult to see how the issues sought to be raised by the suit could have been passed upon at all by the jury empaneled in the first case, and did the law go no further, the Court would be inclined to overrule the plea.

There can be no question that before any suit at all had been brought, the plaintiff had the option between bringing a suit at law and filing a bill in equity, and that option continued to be hers down to the time that the case at law was actually submitted to a jury, or closed by a decree, but it has been repeatedly determined in this State that, "if a party has a choice between two actions upon the same demand, and he selects one, which is *decided* by a competent tribunal either for or against him as a general rule, he will not be permitted to resort to the other."

Walsh vs. C. & O. Canal, 59 Md. 427.

Fisher vs. Boyce, 81 Md. 46.

Keedy vs. Long, 71 Md. 385.

It is not the institution of a suit which is abandoned before final judgment is reached that operates as the estoppel, but the selection by the plaintiff of one of two remedies that were open to him, and a decision thereon by a competent tribunal that precludes a resort to the other remedy. "Where the remedies are alternative, not cumulative, his choice of the one and pursuit of it to final judgment, will exclude the other or opposite remedy, and having repudiated the latter, he cannot afterwards ignore the judgment actually rendered, change his position and adopt the remedy he had repudiated and repudiate the one he had adopted."

Bolton Mines Co. vs. Stokes, 82 Md. 59.

In view of the overwhelming weight of authority, therefore, the plea will be held good.