No. 14,354.

BAER BROTHERS VS. I. C. & G. C. TERRY.

SYLLABUS.

1. It being shown that by the laws of the State of Missouri, a wife, resident of that State and contracting in that State, is capable of binding herself for and with and as security for her husband, the obligation so resulting will be enforced in the State of Louisiana, whither the obligor had removed, in the same manner and to the same extent that it could or would be in the State of Missouri.

2. To sustain *res judicata* the cause of action must be identical with that declared on in the former suit whose judgment is pleaded in bar.

IN RE Baer Brothers, applying for *Certiorari,* or Writ of Review, to the Court of Appeal, Second Circuit, State of Louisiana.

*Hudson, Potts & Bernstein,* for Applicants.

*Andrew Augustus Gunby,* for Respondents.

The opinion of the court was delivered by

BLANCHARD, J.    This suit is the sequel of that entitled "Baer Bros. vs. Mrs. G. C. Terry and Husband," decided by this court in May 1901. See 105 La. 479.

The parties litigant in that case are the same as the parties litigant in this case, and the facts and circumstances out of which grew that litigation and this are set forth in the opinion of the court in the first suit.

It is not deemed necessary to repeat them here *in extenso*.

The first suit was against Mrs. G. C. Terry, the wife of I. C. Terry, to recover the price of certain mules which it was alleged had been purchased for, and had enured to, her separate account and benefit, and certain promissory notes executed by I. C. Terry and G. C. Terry were annexed to the petition for reference and filed with it.

With reference to these notes this court in its opinion in the former case said:—

Defendant is sued as purchaser of the mules, not as maker of the notes; she is sued as a Louisiana wife bound for the price of movables purchased by her for the separate benefit of herself and her paraphernal property; not as a Missouri wife bound on notes executed by her in the State of her domicil, for a debt of her husband.    The petition contains not a word of allegation of the laws of Missouri, or of the notes having been executed while defendant was a resident of Missouri.

These things in order to be proved had to be alleged; and in this we agree with defendant's counsel.    But we differ with the able and learned counsel in his contention that because the notes are made payable in Louisiana, the capacity of the defendant to make them must be tested by Louisiana law.    Capacity to contract is tested by the law of the domicil.    Rorer Interstate Law, p. 263.    Nor do we agree with the counsel's contention that, assuming defendant to have been liable on the notes before she came to this State, the law of this State prohibiting wives from binding themselves for the debts of their husbands precludes recovery against her.    The law is satisfied and its whole object and purpose is accomplished when Louisiana wives are protected against binding themselves for the debts of their husbands;    this protection is not extended to Missouri wives, and if these bind themselves in the State of their domicil for the debts of their husbands, they cannot be permitted to come to this State to be divorced from their obligations.    When defendant crossed our borders as an immigrant to our soil the debt was already hers, and it has continued to be such.    There is nothing in the atmosphere of Louisiana law and Louisiana jurisprudence to disintegrate, or dissolve, valid obligations;    to such it is a healthful and bracing atmosphere.

The plaintiffs were cast in that suit, it appearing, on the proof made, that the purchase of the mules was not by the wife, nor for her account, and that the same did not enure to her separate benefit, nor that of her paraphernal estate.

But it was plainly intended, and such is the purport of the language used, that this court, in the former case, did not consider that suit one upon the notes, and that had it been one upon the notes, which were executed in the State of Missouri by defendants then residents of that State, a different result would, upon proper proof made, have been reached.

Following this, plaintiffs brought the present action, which is one based directly upon the notes, which are joint obligations of I. C. Terry and G. C. Terry—husband and wife.

It is represented that these notes are Missouri contracts, executed in that State by the makers thereof, who were at the time residents of Missouri, and that they are enforceable as Missouri contracts under the laws of Louisiana, whither the makers have since removed and now reside.

It is further represented that by the laws of Missouri the wife has the legal right to bind herself as a *feme sole,* and could and did validly bind and obligate herself jointly with her husband for the payment of the notes, and that under the laws of Louisiana plaintiffs are entitled to enforce the obligation springing from the notes in the same manner and to the same extent that they could be enforced in the State of Missouri.

It is proved that the makers of the notes were at the time residents of Missouri, and that the notes were executed in Missouri, being dated at St. Louis.

It is shown by a statute of Missouri offered in evidence that a wife is capable of binding herself for and with and as security for her husband, as was done in this instance.

Defendants had filed a plea of estoppel and *res judicata* based upon the judgment rendered in the former suit.

Correctly appreciating the views entertained and expressed by this court in its opinion in that case, the District Judge overruled the pleas referred to, and rendered judgment in favor of the plaintiffs herein against the defendants jointly for the notes sued on.

On appeal to the Circuit Court of Appeals, his judgment was re--

versed, and a decree was entered up sustaining defendants' plea of *res judicata*.

We are constrained to hold this was error and that the conclusion reached by the District Judge was the proper one under the law and the facts.

It is, therefore, ordered that the judgment of the Court of Appeals be set aside and vacated, and that the judgment of the District Court be reinstated as the proper determination of the issues herein presented— costs of all the courts to be borne by defendants.

Rehearing refused.