(95 South. 605)

Nos. 25496, 25497.

### STATE v. MOORE et al.

(Dec. 29, 1922. On the Merits, Jan. 29, 1923. Rehearing Denied Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬦1086(12) — Record must show whether defendant was present at waiver of arraignment, entry of plea, trial, and pronouncement of judgment.**

Where plea was withdrawn to permit filing of motion to quash, the record must show whether defendant was present when arraignment was again waived and plea entered and during the trial, and when judgment was pronounced.

#### On the Merits.

2. **Indictment and information ⬦137(6) — Not open to motion to quash because of statutory reference to federal legislation.**

Where information for possessing intoxicating liquor did not state the kind of liquor, and defendant asked no bill of particulars, it was not open to motion to quash because of alleged unconstitutionality of reference to federal legislation in Act No. 39 of 1921, § 8.

3. **Statutes ⬦64(9) — Act constitutional as to well-known beverages, though defining others by reference to federal legislation.**

Act No. 39 of 1921, § 8, is constitutional so far as it declares whisky, wine, and other well-known beverages intoxicating, though it refers to federal legislation for definition of other intoxicating liquor.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Thomas F. Porter, Jr., Judge.

Ursin Moore and another were convicted of offenses, and the defendant named appeals. Affirmed.

M. R. Stewart, of Lake Charles, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendants were prosecuted under two bills of information. In one case they were accused of having had intoxicating liquor in their possession for beverage purposes, and in the other case they were accused of having sold intoxicating liquor for beverage purposes. On arraignment, each defendant pleaded not guilty, and the cases were fixed for trial. Thereafter, but before the day of trial, each defendant withdrew his plea and filed a motion to quash the bill of information in each case, averring that Act 39 of 1921, under which defendants were prosecuted, was violative of section 18 of article 3 of the Constitution of this state, because section 8 of the statute defined intoxicating liquor by reference to federal legislation. The motion was argued, submitted, and overruled, and a bill of exceptions was reserved to the ruling. When the cases were called for trial, on the date for which they were originally assigned, they were consolidated, or treated as one case, and tried together, *without objection on the part of* either defendant. Ursin Moore was convicted of having had intoxicating liquor in his possession, and Joe Olivier was convicted of having sold intoxicating liquor. Each defendant was condemned to pay a fine and suffer imprisonment, and each appealed. Joe Olivier has abandoned his appeal, and is serving the sentence of imprisonment.

[1] The transcripts of appeal, as originally filed, did not show that the defendants were rearraigned after their motions to quash the bills of information were overruled. The district attorney, therefore, by writ of certiorari, brought up a supplemental transcript, showing that the defendants, through their counsel, again waived arraignment, after their motions to quash the bills of information had been overruled, and before the trial was commenced. However, in the minute entry, as corrected, the charge is stated, "Manufacturing intoxicating liquor." The

title and the number of each case is given in the caption of the entry on the minutes; and the bills of information, to which the minute entry refers, show that the defendants were not accused of the offense of manufacturing intoxicating liquors. Therefore, it is very probable that the statement of the charge, in the minute entry, "Manufacturing intoxicating liquor," was an error on the part of the clerk of court. If it be an error, there will be an opportunity to correct it, because, in his assignment of errors, the defendant, Moore, makes another complaint which requires that the case should be remanded for correction of the minutes. As far as the corrected minutes show, the waiver of arraignment and plea to the bills of information were entered, not by the defendants in person, but by their attorney. The corrected minutes do not show that either of the defendants was present in court when the waiver and plea were entered, or during the trial, or when judgment was pronounced. It is necessary that the record should show whether the defendant Moore, who was condemned to imprisonment, was present during the proceedings mentioned.

It is ordered that this case be remanded to the district court for a correction of the minutes, to show whether the defendant Moore was present in court during all of the proceedings had in the case on the 29th of June, 1922, and to show whether he waived arraignment and pleaded not guilty of the offense of having intoxicating liquor in his possession for beverage purposes. The record is to be returned to this court within 30 days from the date of this order.

### On the Merits.

These cases are now finally submitted, having been remanded for correction of the minutes of the proceedings had in the district court. It appears now that appellant Moore was present in court when his attorney waived arraignment, and in fact during all of the proceedings had in the district court.

[2, 3] The ruling on the motion to quash the bill of information was correct. The bill did not say what kind of intoxicating liquor the defendant had had in his possession for beverage purposes. If, because of the omission, defendant had asked for a bill of particulars, and if it had then been alleged that the liquor referred to was of the kind which, because of its per cent. of alcohol, was declared intoxicating by federal legislation, defendant would have had a cause for pleading that section 8 of Act 39 of 1921, in so far as it defined intoxicating liquor by reference to federal legislation, was unconstitutional. But it is now well settled that the statute is not unconstitutional in so far as it declares that whisky, wine, beer, gin, and the other well-remembered beverages are intoxicating. For all that we know, the beverage which the defendant in this case had in his possession might have been one of those varieties.

The conviction in each case is affirmed.