*735
 
 OVERTON, J.
 

 In February, 1913, the Gulf Refining Company, made defendant herein, secured from W. E. Barnhart a mineral lease on certain land in the parish of Caddo. Defendant exploited the land, under the lease, for oil and gas, and discovered the former in large and the latter in small quantities.
 

 About a year later, plaintiffs in this case, together with others, brought suit in the district court for the parish of Caddo, claiming a one-fifth interest in the land leased by Barnhart to defendant. Plaintiffs were successful in that suit, and on appeal the judgment rendered was affirmed on rehearing. Liles et al. v. Pitts et al., 145 La. 650, 82 So. 735.
 

 Shortly after the judgment rendered on appeal, in the foregoing case, became final, all of the plaintiffs brought suit against Barn-hart and the defendant herein for one-fifth of the value of the oil and gas, taken by defendant from said land, less the reasonable cost of production/ and to obtain other relief, unnecessary to mention here. The action in that case was one in tort, .based up^ on the ground that the oil had been wrongfully taken from the land. The defendant herein pleaded in that suit the prescription of one year against the demand of the plaintiffs therein for the value of one-fifth of the oil and gas extracted, on the theory that the demand of plaintiffs, in. so far as relates to the value of the oil, was one for damages, arising from a tort. The contention of plaintiffs in that case was that the action was not one for damages based on a tort, but was one for money unduly had and received by defendant, and was prescribed only by ten years on the theory that plaintiffs were under a quasi contract to return the money, so received, to plaintiffs. The trial court held that the suit, as to the value of the oil and gas extracted, was one for damages based on a tort, and sustained the plea of .prescript tion of one year, allowing plaintiffs only a one-fifth interest in the value of the oil and gas extracted during the year immediately preceding the institution of the suit., On appeal, in passing on the foregoing question this court said:
 

 “It is possible for one to have a moneyed demand against another upon which he may sue in tort, or upon a contract, or quasi contract. In such instances, he may disregard the contract or quasi contract and bring the action arising from the tort. The form of the action, in such instances, that plaintiff elects to bring, determines the prescription applica_ble. Morgan’s Louisiana & Texas R. R. & S. S. Co. v. Stewart, 119 La. 392, 44 So. 138; Sims v. New Orleans Ry. & Light Co., 134 La. 897, 64 So. 823. Therefore, as to whether the contention of plaintiffs or defendants is correct, as to the applicability of the prescription of one year, involves, in part, an examination of the allegations and prayer of plaintiffs’ petition.”
 

 After examining the allegations and prayer of plaintiffs’ petition, this court said:
 

 “The present phase of plaintiffs’ suit is nothing more than one for damages, for a quasi offense, the amount of which is the value of the oil and gas. In no sense is it a suit for money had and received. Therefore the authorities cited by plaintiffs, based upon that hypothesis, are not pertinent.”
 

 This court, after making the foregoing statements, affirmed the judgment of the lower court on this phase of that case, thus sustaining the prescription of one year, and thus allowing plaintiffs only one-fifth of the value of the oil and gas extracted 'during the year immediately preceding the filing of the suit. Liles v. Barnhart, 152 La. 419, 93 So. 490.
 

 After the foregoing case was decided some of the plaintiffs therein brought the present suit, demanding of defendant one-third of one-fifth, as their portion, of the price received by defendant for the oil and gas extracted and sold prior to July 18, 191S, as for money unduly had and received by defendant from the beginning of operations to July 18, 1918; this being the period covered by the prescription of one year, sustained in the preceding suit.
 

 
 *737
 
 Against this suit defendant filed the following exception:
 

 “That in suit number- of the docket of this court (the preceding suit), these plaintiffs elected to claim and base their cause of action for the recovery of oil, for the value of which they here sue, on an offense, or quasi 'offense, and are now estopped by such judicial admissions from claiming said oil or its value on any other legal theory, which said estoppel is here specially pleaded.
 

 “That the final and definitive judgment sustaining said plea of prescription and. rejecting the demands of plaintiffs for judgment for the value of the oil taken from said property up to July 20. 1918, as claimed in this suit, constitutes res judicata against the demands herein asserted and is a complete and peremptory bar thereto.”
 

 The trial court sustained this exception, and plaintiffs have appealed.
 

 The exception is based on the judgment rendered in Liles et al. v. Barnhart et al., 152 La. 419, 93 So. 490, to which the litigants herein were parties, and which, as we have seen, was rendered in a suit for the value of the oil and gas wrongfully extracted from the land. The position of plaintiffs with reference to the exception is that, when this court said (in passing on the plea of prescription of one year filed in that case, and in sustaining it in part, as appears from the excerpts, quoted above) that it is possible for one to have a claim against another upon which he may sue in tort, or on contract, or quasi contract, and when he has such a claim, he may disregard the contract or quasi contract, and sue on the tort, and that, in bringing their suit, plaintiffs elected to disregard the quasi obligation of defendant to return to them the price received by it for their portion of the oil and gas wrongfully extracted from the land, and to sue instead, in tort, for damages, consisting of the value of their portion of these minerals, the court, by so ruling, excluded from consideration their present demand, which is a demand for the price received by defendant’ for their portion of the gas and oil extracted, and therefore that their present demand does not enter into the judgment rendered, and is not precluded thereby. The position of plaintiffs also is that the judgment rendered in the Liles-Barnhart Case does not operate as res judicata herein, for the reason that the object of this suit and the thing demanded herein are not the same as in the Liles-Barnhart Case, for, in the suit last mentioned, the object was the recovery of the value of the oil and gas taken, as damages for the wrongful taking, which value was also the thing demanded, whereas in the present suit the object is the recovery of the price received by defendant for that portion of the oil and gas belonging to them, and withdrawn from the land, which price is also the thing demanded.
 

 Plaintiffs cite in support of their position article 22S6 of the Civil Code, which reads:
 

 “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
 

 Plaintiffs also cite in support of their position-the following cases; Colleton v. De Armas, 5 La. 437; Desboulets v. Gravier, 7 Mart. (N. S.) 27; De St. Romes v. Carondelet Canal & Navigation Co., 24 La. Ann. 331; Cochran v. Violet, 38 La. Ann. 625; McCaffrey v. Benson, 40 La. Ann. 10, 3 So. 393; Laroussini v. Werlein, 50 La. Ann. 637, 23 So. 467; Baer v. Terry, 108 La. 597, 32 So. 353, 92 Am. St. Rep. 394; Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Succession of Williams, 153 La. 208, 95 So. 605, and other cases.
 

 Defendant’s position is that, in this, and in the Liles-Barnhart Case, the thing demanded is the same; that the demand is founded on the same cause of action as was the demand in the Liles-Barnhart Case, to wit, the taking of the oil from plaintiffs’ land; that the demand is between the same
 
 *739
 
 parties, and formed by them against each other in the same quality, as it was in the Liles-Barnhart Case; and moreover that plaintiffs, having elected, in bringing the Liles-Barnhart suit, to base their suit, on a tort, and to sue for the value of the oil and gas, as damages, for the wrongful taking of these minerals, aré how estopped, after having prosecuted the case to judgment, with partial success, from renewing the litigation on that part of their demand on which they were not successful, by changing the form of action and suing ex quasi contractu for the price received by defendant for the remainder of the oil and gas involved in that suit.
 

 The Liles-Barnhart suit, as stated, was one for damages, based on a tort, the amount of which damages was the value of the oil and gas taken, less the cost of production, and, as stated, that suit was prosecuted to judgment with partial success. The judgment obtained by plaintiffs has been satisfied. The present suit, as stated, is one for the price received by defendant for the remainder of the oil and gas involved in the former case. Plaintiffs might have sued in the Liles-Barnhart Oase for the price received instead of suing ex delicto for the value of the oil and gas as damages. They, however, elected to pursue one of two inconsistent courses, and are bound by the election and precluded by the judgment rendered from renewing the litigation in the present form. Thus it is said:
 

 “In all cases where the plaintiff has his option, in the outset, to bring tort or contract, to recover damages for one and the same injury, upon a state of facts which will support either, an adjudication in one, whichever he may elect, is, upon principle, a bar to the other.” Norton v. Doherty, 3 Gray (Mass.) 372, 63 Am. Dec. 758.
 

 And, in a note to Fowler v. Bowery Savings Bank, 10 Am. St. Rep. 479, at page 491, it is said: ■
 

 “If a tort is committed under such circumstances that the law allows the injured party either to sue in tort or to waive the tort and sue in contract, plainly it gives Mm the choice between inconsistent remedies; and his election to proceed in one mode or the other, when determined according to the foregoing general rules, is binding. Thus, if one’s property has been converted by another, a judgment in trover or trespass against the wrongdoer is a bar to a subsequent action of assumpsit against him for the value of the property. (Agnew v. McElroy, 10 Smedes & M. [Miss.] 552, 48 Am. Dec. 772; Floyd v. Browne, 1 Rawle [Pa.] 121 [18 Am. Dec. 602]), and the effect is the same if the judgment be for the defendant (Kitchen v. Campbell, 3 Wils. 304, Rice v. King, 7 Johns. [N. Y.] 20), and, on the other hand, judgment in assumpsit, as for goods sold and delivered, against the party who has converted them, is a bar to an action for the conversion (Walsh v. Chesapeake, etc., Canal Co., 59 Md. 423; Fields v. Bland, 81 N. Y. 239).”
 

 And in Freeman on Judgments (5th Ed.) vol. 2, § 684, p. 1443, it is said:
 

 “By the rules of the civil as well as of the common law, ‘res judicata is not changed by a change in the form of action.’ It is not material that the form of action be the same, if the merits were tried in the first. A party cannot by varying the form of action or adopting a different method of presenting his case escape the operation of the principle that one and the same cause of action shall not be twice litigated. Where either of two remedies is equally available to vindicate the same right, the judgment in an action employing one of them will bar a resort to the other. A judgment for the defendant in trover, for conversion of goods, is a bar to an action against him for money had and received from the proceeds of the sale of the same goods. No party can bring the same cause of action twice to a final determination. Hence, judgment for defendant, in an action of trover, estops plaintiffs from maintaining assumpsit for the value of the goods which in the former action were claimed to have been converted, or trespass for taking them; a decision against the claimant on a trial of the right of property concludes him in an action of trover against the same officer for converting the property; a judgment in favor of a bank in an action against it for the conversion of a note is conclusive in its favor in a subsequent action against it by the same plaintiff for money had and received to his use, being the proceeds of the same note. * * * ”
 

 „ . . our opinion tbe trial judge was correct in sustaining tbe exception. We see nothing
 
 *741
 
 in conflict between tbe view here expressed and the authorities cited by plaintiffs.
 

 For the reasons assigned, the judgment appealed from is affirmed; appellants to pay the costs.