## SAUCIER v. McLEAN

___

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)
(February 5, 1930. Writ of Certiorari and
Review Refused by Supreme Court.)

___

L. J. Ferry, of New Orleans, attorney for plaintiff, appellee.

Richard W. Leche, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff, Saucier, obtained a judgment against the defendant, McLean, as a result of a trial which was had in the absence of McLean and, or, his counsel. An action of nullity was brought attacking the judgment thus obtained and an injunction against its execution applied for. After a trial upon the merits, the trial court declined to issue the injunction and dismissed the suit.

The ground of nullity alleged in the petition is the alleged failure of Saucier to cause a notice of trial to be served upon McLean or his counsel. It is objected that article 606 of the Code of Practice enumerates the vices of form for which a judgment may be annulled, and the ground relied on, in this case, is not among the causes therein enumerated, consequently, it is contended that plaintiff in injunction cannot maintain this action. The precise question was considered by this court in Coltraro vs. Chotin, 1 La. App. 628, where it was pointed out that the enumerations of the causes mentioned in article 606, C. P., are not exclusive, and the exception of no cause of action, filed in that case, was overruled.

The defendant in injunction offered in evidence a notice of trial dated April 25, 1929, addressed to plaintiff's counsel, informing him that the case would be tried on the 27th day of May following. On the reverse of this notice appears the return of G. N. Gay, Deputy Constable, certifying that the notice had been received by him on April 25th, and served the next day, April 26th, on R. W. Leche, counsel for McLean, plaintiff in injunction. Gay was

‘placed upon the stand and testified that personal service had been made in accordance with his return. McLean testified that he had no notice of the trial at all and his counsel, Mr. R. W. Leche, testified that no notice of trial had been served upon him.

The question presented, therefore, is whether the notice of trial was, as a matter of fact, served upon Mr. Leche, McLean's counsel. Mr. Leche in his testimony concedes the good faith of Gay, the constable, and we hasten to add our entire confidence in the good faith of Mr. Leche, but the positive testimony of Gay must outweigh the negative testimony of Leche. It is quite possible that a lawyer, in the busy routine of his daily affairs, may overlook the service of papers, particularly notices of trials, which are often served upon him, and, having no recollection of the event, be confident that no service was, in fact, made. On the other hand, it is the constable's duty to make the service and he is required to make written returns giving the date the notice is received and the day it is served and he is, therefore, less likely to be mistaken. Besides the official returns of public officers are presumed to be correct.

Our conclusion is that plaintiff in injunction has failed to carry the burden of proving that the service of notice of the trial was not made in accordance with the return of the constable. It follows that the action of nullity must fail because there is no legal objection to the trial of a case in the absence of defendant and his counsel when notice of trial has been properly served. C. C. Elmer Tank Boiler Co., Inc., vs. Art Cleaners & Dyers, Etc., 9 La. App. 5, 118 So. 773.

For the reasons assigned the judgment appealed from is affirmed.