MERCANTILE ADJUSTMENT AGENCY v. FABACHER

(March 2, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)

office. The trial court held that the service had been made in accordance with the constable's return, and we are of opinion that his judgment was correct.

In De St. Romes v. Carondelet Canal & Nav. Co., 24 La. Ann. 331, a similar situation was considered by the court and the return of a sheriff upheld against the testimony of the plaintiff to the effect that she had not been served and that of her two sons to the effect that it was physically impossible for service to have been made; the court saying:

"The evidence on the part of plaintiff does not, in our opinion, overcome that exhibited by written instruments. The presumption is that the officer's return correctly sets forth facts."

In Saucier v. McLean, 12 La. App. 158, 125 So. 163, 164, counsel for one of the parties in the case challenged the correctness of the constable's return, showing service of notice of trial upon him. In accepting the constable's statement and rejecting that of counsel, we said:

"It is quite possible that a lawyer, in the busy routine of his daily affairs, may overlook the service of papers, particularly notices of trials, which are often served upon him, and, having no recollection of the event, be confident that no service was, in fact, made. On the other hand, it is the constable's duty to make the service, and he is required to make written returns, giving the date the notice is received and the day it is served, and he is, therefore, less likely to be mistaken. Besides, the official returns of public officers are presumed to be correct."

For the reasons assigned, the judgment appealed from is affirmed.

Joseph A. Casey, of New Orleans, attorney for plaintiff, appellee.

Henry J. Rhodes and J. A. Morales, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The question presented by this appeal—one of fact—is whether service of notice of garnishment was made upon Edward B. Fabacher, the president of Edward B. Fabacher, Inc., judgment pro confesso having been taken against the corporation in the sum of $138 for a debt due plaintiff by Fabacher.

The return of the constable was offered in evidence, and it purports to show that service was made upon the corporation through Edward B. Fabacher, its president. The deputy constable, who made the service on May 9, 1930, testified that the return was correct and, when asked to identify Edward B. Fabacher, pointed out that individual, who happened to be seated in the courtroom. As opposed to this evidence, Fabacher testified that no service of garnishment process had been made upon him at all. Two other parties, Leon A. Greenback and Miss Dorothy Kenny, employees of defendant corporation, gave negative testimony to the effect that they had not seen the notice of seizure in the