**WRIGHT et al. v. PETERS FURNITURE CO., Inc.**

**No. 4682.**

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

Hudson, Potts & Bernstein, of Monroe, for appellant.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellees.

MILLS, Judge.

This is an action of nullity directed at a judgment obtained in the Fourth district court for the parish of Ouachita, on January 15, 1925, by the Peters Furniture Company, Incorporated, against Alfred C., Mamie, Bernice, Allen, and Eunice Wright. Plaintiffs base their demand upon the allegation that citation and service was not made upon Alfred C. and Mamie nor upon Mrs. Emma Hill Wright, tutrix for the then minors, Bernice, Allen, and Eunice Wright.

Defendant denies the want of citation and service. It is appealing from a judgment of the lower court for plaintiffs as prayed for.

All plaintiffs at the time of the former suit lived in or about Swartz, La., twelve miles from Monroe. Alfred C., Mamie and Mrs. Emma Hill Wright all testify that they were neither cited nor served with a copy of the petition. They claim to have been ignorant of the judgment until about one month before the trial, which was held June 2, 1933. Alfred C. says that he learned of it through trying to straighten out a title. It must, then, have been duly recorded to effect a title. There is no denial of the indebtedness sued on or claim that it has been paid.

For defendant, the original returns filed in evidence show personal service on all the parties, twelve miles from the courthouse. They are signed by B. L. Roper, deputy sheriff. He is proven to have been a deputy sheriff for Ouachita parish at the time. Placed upon the stand, he identifies his signature and testifies that owing to the lapse of nine years he has no independent recollection of making the service, but swears that he knows he made it from the fact that his signature appears upon the return.

There is no corroboration of the testimony of the plaintiffs. To the contrary, we have a judgment nine years old, apparently duly recorded and supported as to citation and service by the return of a proper officer proven to have been such officer at the time, made in due course, at just the distance from the courthouse that the parties lived.

We find in 50 Corpus Juris, p. 579, the following: "In accordance with the rule requiring clear and convincing proof to overcome a return of process, it cannot be impeached by the unsupported testimony of the party upon whom service is stated by the officer to have been made, or of another single witness, even though the officer fails to recall the service; and the testimony of other defendants that they were not served is not effective or sufficient."

Our jurisprudence is in accord with the above.

The official returns of service of process by public officers are presumed to be correct, and the burden of proof rests upon those who attack them. This burden can only be discharged by clear and convincing proof. De St. Romes v. Carondelet Canal & Nav. Co., 24 La. Ann. 331; Saucier v. McLean, 12 La. App. 158, 125 So. 163; Mrs. Louise S. Sims v. First Nat. Bank of Ruston et al., 177 La. 386, 148 So. 505.

The judgment appealed from is reversed, and judgment is now rendered rejecting plaintiffs' demand, with costs of both courts.