### ANTOINE v. FRANICHEVICH.
No. 14840.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

*Rehearing granted June 24, 1935.

Ernest J. Robin, of New Orleans, for appellant.

Fred W. Oser and A. Miles Coe, both of New Orleans, for appellee.

LECHE, Judge.

Plaintiff appeals from a judgment dismissing his claim for the sum of $290.70 representing certain labor and material alleged to have been furnished by him to defendant. The petition alleges that plaintiff was a plumbing and heating contractor doing business in the city of New Orleans. It then recites that defendant owed petitioner fifteen separate amounts aggregating the total amount prayed for. Each item sued for is contained in a separate article of the petition, each article alleging that on a certain date, at the verbal request of defendant, plaintiff made certain repairs to plumbing consisting of labor and material, for which plaintiff charged a reasonable sum. Article 17 of the petition alleges "your petitioner further represents, that the total amount due him as hereinabove referred to and more particularly and at large embodied and set forth in the itemized statement of account hereto annexed and made part hereof, by reference, is as follows, to-wit:" Then follows an itemized statement of the account showing the fifteen separate dates upon which each item of labor and material is claimed to have been furnished, and showing the separate amounts thereof as well as the total.

Defendant admitted the allegations setting forth the first fourteen items, and pleaded the prescription of three years under article 3538 of the Revised Civil Code. Plaintiff contends that the ten-year prescription under article 3544 is applicable.

The question to be decided is which prescriptive period applies. Plaintiff does not allege that the services were rendered under contract, but simply sets forth that on certain dates defendant requested him to do certain plumbing work, and that, in response to these verbal requests, he furnished the labor and material and charged a reasonable sum. This was done from time to time beginning January 23, 1928, and ending on March 11, 1929, plaintiff from time to time rendering defendant a statement or account.

It is a well-recognized rule of law that prescription is determined by the character which plaintiff gives his pleadings, and that the form of the action governs prescription. Sims v. N. O. Railway & Light Co., 134 La. 897, 64 So. 823; Reynolds v. Reiss, 145 La. 155, 81 So. 884; Martin v. Texas Co., 150 La. 556, 90 So. 922; Bickham v. Gulf Refining Co. of La., 161 La. 734, 109 So. 405.

Under article 3538 of the Revised Civil Code, the prescription of three years applies on the accounts of retailers of provisions, on the accounts of merchants, whether selling for wholesale or retail, and "that on all other accounts." When merchandise is furnished from time to time and charged to the vendee, there is no question but that the three-year prescriptive period applies. We see no difference in furnishing merchandise in that manner and furnishing services and merchandise in the same manner, both being accounts. Plaintiff chose to bring suit on the account rather than under a contract, and, under the rule above stated, the prescriptive period is governed by the character which he chose to give his pleadings.

Prescription was not pleaded as to item 15, amounting to $53.40, for which petitioner alleges that at the verbal request of defendant on or about May 11, 1931, he furnished and installed a hot water boiler and did certain other work in the kitchen. The record shows conclusively that on said date, May 11, 1931, defendant was no longer running the business known as the "Vienna Gardens," but was engaged elsewhere. That the said business was being run and operated by defendant's brother in partnership with a third person. The said work was ordered by defendant's brother and not by defendant, and under the circumstances we believe that the judgment of nonsuit as to this item was correct.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.