## OGDEN vs. FOWLER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The prescription of one year to the action of workmen, laborers and servants, for their wages, is not applicable to the owners of cotton presses.

This was an action to recover a sum of money, alleged to be due for work and labor, and materials, found in repressing and draying of cotton, to which the defendant opposed the prescription of one year, and set up a claim in reconvention.

The court *a qua* was of opinion that the plea of prescription did not apply, and on the merits gave judgement for the plaintiff, from which the defendant appealed.

*M'Caleb*, for appellant, urged:

1. That the whole claim of the plaintiff was barred by the prescription of one year, and cited C. C. *art.* 3499.
2. We have under our law four prescriptions of debts, one, three, five and ten years. The court may scrutinize the provisions of these prescriptions, and it will be found that the present can be comprehended in none but that of one year.

*Slidell, contra,* contended :

That the prescription of one year could not apply to the claim of a depository, or bailee for hire, such as the owner of a cotton press. Mere day laborers and domestics he contended, could only be within its scope. The reason of this short prescription he urged was obvious. Persons of this class usually received payment in small sums, for which receipts were seldom taken, their necessities being such, that their services were paid for as soon as rendered. While owners of cotton presses wielded a large capital, and from the nature of their business, their accounts could seldom be made up until the end of the season. He cited *Pothier on Obligations, no.* 683.

MARTIN, J., delivered the opinion of the court.

The plaintiff claims a sum of eight hundred and forty-four dollars, for work and labor, in repressing a number of bales of cotton of defendant's, and for baling and rope furnished him. The general issue is pleaded, and there is a claim in reconvention for three thousand five hundred and eighty-eight dollars, for injury to the cotton of the defendant, through the plaintiff's negligence, for injury done to the defendant's cotton by the plaintiff, and for a number of bales stored with the plaintiff which he did not return. Prescription has also been pleaded.

The plaintiff had judgement, and the defendant appealed.

The defendant's counsel has contended in this court, that the court erred in disallowing the plea of prescription, and the claim in reconvention.

The plaintiff's counsel has urged, that the articles 3499 and 3450 of the Civil Code, are not applicable to the present case, and that there is not the slightest evidence to support the defendant's extravagant claim in the plea of reconvention.

By the code, the action of workmen, laborers and servants, for the payment of their wages, is prescribed by the lapse of one year.

The prescrip-
tion of one
year to the ac-
tion of work-
men, laborers
and servants,
for their wages
is not appli-
cable to the
owners of cot-
ton presses.

Owners of cotton presses are neither workmen, servants nor laborers. They procure warehouses, presses, and drays; they receive cotton on storage, and when desired, repress or otherwise fit it for shipment and convey it to the shipping. For this purpose, they employ workmen, laborers and servants; their remuneration is compounded of the wages they pay to these people, the hire of their yards and warehouses, the use of their presses, their drays, horses and drivers, and the value of the baling rope and thread they use. The code in the article cited, speaks only of the action of such workmen, laborers and servants, as contract for their wages, directly with the persons who employ them. We think the plea of prescription was properly disallowed.

The second part of the defence turns entirely on a question of fact, the first judge thought the claim in reconvention was not supported by the evidence, and it does not appear to us that he erred.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court, be affirmed, with costs.