## MORRISON *vs.* LEEDS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

It is no bar to the plaintiff's right to recover the full amount of his claim
that he presented an account for a smaller sum to avoid litigation and
obtain a prompt settlement of his demand.

The clause of the article 3499 of the Louisiana Code, which provides that
actions of workmen, laborers, and servants for the payment of their
wages, shall be prescribed in one year, does not apply to an action for
work done under a specific contract or by the job.

The plaintiff alleges that he was employed by the defen-
dant to put up a steam engine for the Louisiana Sugar Refin-
ery, for which the latter agreed to pay him three hundred

EASTERN DIS.
June, 1834.
═══════════
MORRISON
vs.
LEEDS.

and fifty dollars, and furnish all the parts and materials without delay. That said agreement took place in June, 1832, and the plaintiff immediately commenced putting up the work which he completed the beginning of November, 1832. He charges that in consequence of the failure of the defendant to furnish him with the materials and parts of the engine, and for extra work done on the fly wheel by himself and another hand, they were delayed eighty-two days, which he estimates at three dollars and fifty cents per day, amounting to two hundred and eighty dollars, which sum added to the price agreed on for putting up the engine amounts to six hundred and thirty-seven dollarss for which he prays judgment. The defendant pleaded the general issue, and that the plaintiff owed him two hundred dollars, the price of a horse loaned to him, and by his negligence foundered and lost; and further the work was so negligently and badly done, that the plaintiff is entitled to no compensation therefor. He prays judgment against the plaintiff for two hundred dollars as the value of the horse lost by him and for costs.

In a supplemental answer the defendant pleads the prescription of one year.

The account sued on is dated the 1st of November, 1832, and the petition was filed the 7th November, 1833.

The witnesses called by the plaintiff fully prove the performance of the work as alleged by him. The horse charged to the plaintiff in the answer, was proved to be worth about fifty or sixty dollars. The plaintiff used him to ride when attending to the work at the sugar refinery.

*Stanton,* a witness for defendant, his brother-in-law and clerk in his employment, states that the plaintiff presented his account against the defendant when the work was finished, and charged only three hundred and sixty dollars. That the defendant offered to pay it, if plaintiff would deduct sixty dollars, and that the sugar refinery was to pay for the extra work; that the horse which plaintiff used while attending to this work died soon after he was returned to the defendant.

The district judge after making some deductions from the <span>EASTERN DIS.<br>*June*, 1834.</span> account sued on, gave judgment for four hundred and ninety dollars and costs, from which the defendant appealed.

<span>MORRISON<br>*vs.*<br>LEEDS.</span>

*Preston* for the plaintiff.

1. The facts of the case as proved by the witnesses fully support the judgment of the court.

2. The plea of prescription is unfounded and cannot prevail. The work was not done for days, weeks, or month's wages, but for a specific sum under a particular contract.

3. The prescription of the wages of workmen does not apply to a contract with a workman to perform work by the job as where he undertakes to build a house, &c.

*Lockett* for the defendant.

1. The plaintiff cannot recover in this suit as the evidence shows that he made out his account for the same work and claimed only three hundred and sixty dollars, and made no claim for lost time.

2. The claim is prescribed by the lapse of one year under that clause of the Code relating to the payment of the wages of workmen, laborers, and servants, &c. *La. Code*, art. 3499, 3500. 8 *Mar. N. S.* 492.

BULLARD, J., delivered the opinion of the court.

This suit was instituted to recover of the defendant the sum of three hundred and sixty dollars, under a contract to put up a steam engine, and for additional or extra work done in consequence of a change in the plan of the work by the defendant. The defendant first denies that he owes any thing, and then avers that the plaintiff owes him two hundred dollars for a horse borrowed of him, which was badly used, was foundered and died. He next alleges that if ever he did employ the plaintiff to do any such work, it was so badly and negligently done that the plaintiff is not entitled to be paid therefor. He finally pleads the prescrip-

EASTERN DIS.
*June, 1834.*

MORRISON
*vs.*
LEEDS.

tion of one year and relies on articles 3499, 3500 of the *La. Code.*

There was judgment in favor of the plaintiff for four hundred and ninety dollars, and the defendant appealed. The evidence fully supports the judgment of the court. The contract was proved and that the work was well done. The delay and extra work were occasioned by the defendant himself. His counsel relies on the fact proved by one of the witnesses, that the plaintiff made out an account in which no charge was made for extra work. We think this ought not to prejudice his rights. It appears that he made out the account in that way at the suggestion of the defendant and in order to avoid litigation. It was but a conditional offer to leave the question of extra work open until the defendant should be paid by the sugar refinery. We cannot regard it as a release. If the defendant had paid the account as made out and presented, it might have varied the case.

*It is no bar to the plaintiff's right to recover the full amount of his claim, that he presented an account for a smaller sum to avoid litigation and obtain a prompt settlement of his demand.*

The article of the code relied on does not sustain the defendant. That article provides that the action of workmen, laborers and servants for the payment of *their wages* shall be prescribed in one year. This action is not for wages, it is for work done under a specific contract. In the case of *Nichols* vs. *Hanse et al.* 8 *N. S.* 492, to which we are referred by the defendants counsel, the plaintiff was employed by the month at certain monthly wages agreed on by the parties, and this court held that the prescription of one year applied. But in this case it is totally different, the plaintiff was an undertaker of a job.

*The clause of the article 3499 of the La. Code which provides that actions of workmen, laborers and servants for the payment of their wages shall be prescribed in one year, does not apply to an action for work done under a specific contract or by the job.*

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.