WESTERN DIST.
September, 1836.

HARRIS ET AL.
vs.
KNOX.

other partner retaining his private capacity, may be sued *in attachment* for a debt of the firm, or his leaving the state.

Judgment against a garnishee cannot be reviewed in the Supreme Court, when he is not made a party to the appeal.

---

## HARRIS ET AL. vs. KNOX.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

The action of mechanics, as builders, brick layers, carpenters, &c., who undertake work by the job, and who do certain pieces of work at different times, is not prescribed by the lapse of one year.

The prescription provided in the article 3499 of the Louisiana Code does not apply to the actions of mechanics who do work by the job.

This is an action instituted by J. Harris, and the widow and heirs of Nathan Sargent, deceased, who were partners in the brick making and building business, to recover from the defendant the sum of five hundred and ninety-seven dollars and sixty-nine cents, for work done by them for the latter, in their capacity of undertakers, brick makers and brick masons, and for furnishing materials for the construc-

WESTERN DIST. *September*, 1836.

HARRIS ET AL. *vs.* KNOX.

tion of the building they undertook, according to a detailed account annexed.

The defendant pleaded a general denial, and that if he ever was indebted to the plaintiffs it has long since been extinguished by compensation. He then sets up several detailed accounts of payments and articles furnished to the plaintiffs, which is pleaded in compensation.

He further pleads the prescription of one, three, four and five years against the plaintiffs' demand.

The work and labor, and materials furnished by the plaintiffs is alleged and shown to have been performed between the first of April, 1825, and the 31st of December, 1827.

This suit was brought the 22d of May, 1833.

The district judge, after hearing the evidence, and explanations and arguments of counsel, examined the accounts between the parties, and gave judgment in favor of the plaintiffs for the sum of two hundred and seventy-eight dollars and fifty-six cents. The defendant appealed.

*Garland,* for the plaintiff.

1. The main question in this case is that of prescription. The prescription of one year is relied on. This is only applicable to workmen's wages, who work by the day or month.

2. The plaintiffs were a class of mechanics who undertook work by the job or piece, and their claims for the value of their work are not prescribed by the lapse of one year or any other period. 4 *Louisiana Reports,* 113. 5 *Ibid.,* 15. 1 *Ibid.,* 265. 6 *Ibid.,* 591.

*Lewis,* for defendant, contended that the plaintiffs' claim was barred by the prescription of one year. *Louisiana Code, articles* 3499, 2742.

*Bullard, J.,* delivered the opinion of the court.

This is an action to recover the value of work and labor done, and materials furnished, according to the account

annexed to the sheriff's petition. Judgment having been rendered in favor of the plaintiffs, the defendant appealed.

The only defence on which he relies in this court is the prescription of one year, under article 3499 of the Louisiana Code.

It appears that the plaintiffs are mechanics who undertake to do jobs, and that at different periods, as detailed in the account, they were employed by the defendant to work, not by the day or the month, but to do certain pieces of work, for which the undertaker, at the same time, furnished the necessary materials. We are of opinion that this case is not one of those contemplated by the article of the code relied on, and that the plea of prescription was properly overruled. *Louisiana Code*, article 2742. 1 *Louisiana Reports*, 268. 4 *Louisiana Reports*, 113. 5 *Ibid.*, 5. 6 *Ibid.*, 591.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

WESTERN DIST.
*September*, 1836.

The action of mechanics, as builders, bricklayers, carpenters, &c., who undertake work by the job, and who do certain pieces of work at different times, is not prescribed by the lapse of one year.

The prescription provided in the article 3499 of the Louisiana Code, does not apply to the actions of mechanics who do work by the job.

