John D. Townsend and another v. James H. Caldwell.

In an action on a contract, the original of which has been lost, it will be sufficient to allege the loss, and to state its contents, in the petition; proof of the loss, need not be offered previous to the trial.

Art. 3499 of the Civil Code, which prescribes the action of workmen and laborers for their wages after one year, does not apply to an action by workmen, for specific work, done under a written contract.

Appeal from the Parish Court of New Orleans, *Maurian*, J.

The plaintiffs claim a balance due, under a written contract, for work done in 'filling up nineteen door openings in the first tier of boxes in the building known as the St. Charles Theatre, for which the defendant bound himself to furnish the necessary materials, and to pay the sum of one thousand dollars.'

*Durant*, for the plaintiffs.

*Sterrett*, and *Carter*, for the appellant.

GARLAND, J.   This suit is brought to recover a balance owing for work and labor done on the St. Charles Theatre, in the year 1835, by the plaintiffs, who are carpenters.   A written contract was entered into, which appears to have been lost, by which the defendant agreed to pay $1000, for the work; and it is admitted that he has paid all, except the sum of $346 21.   The defendant excepted to answering the petition, on the grounds :

*First*, That a written contract is alleged to have existed, but no copy, or sufficient statement of its contents are given, nor any proof filed of the loss of the original.

*Second*, That admitting the allegations of the petition to be true, the plaintiffs cannot recover, nor maintain their action.

These exceptions were overruled, the defendant filed no answer to the merits, a judgment by default was made final against him, and he appealed.

As to the first exception, it seems to us, that the contents of the alleged contract were sufficiently made known to enable the defendant to answer.   The work to be performed, the price, the time when it was to be completed, and other particulars, are given with accuracy. It does not appear to us that any copy was necessary, to enable the defendant to shape his defence.

As to the loss of the contract, it was not necessary that proof of the loss should be offered previous to the trial..   It was alleged, and that was enough for the defendant to know, previous to joining issue.

We cannot see on what ground the defendant expected to sustain his second exception.   The allegations of the petition very distinctly set forth the cause of action.   Both exceptions were properly overruled.

The evidence very clearly sustains the plaintiffs' demand.

In this court, the defendant has filed a plea of prescription ; but

it cannot avail him.   The plaintiffs are not the description of work-
men and laborers, spoken of in the article 3499 of the Code.   6 La.,
591.   10 Ib., 229.

