BENJAMIN HARROD and another *v.* ELIHU WOODRUFF and another.

Art. 3499 of the Civil Code does not apply to shipwrights who undertake to build or repair ships or other vessels, whether under a contract for a stipulated sum, or otherwise. It applies only to the claims of workmen or laborers for their daily or monthly wages, and to the sellers of materials for the price thereof, against the person with whom they contract directly, whether the owner or undertaker.

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY, J. This is an action to recover a balance due on an account for work and labor done, and materials furnished in repairing the steam boat Caspian, belonging to the defendants. After a general denial of indebtedness, the owners of the Caspian

allege, that the plaintiffs, who are shipwrights, undertook and agreed to repair their boat for $1600, and they annex to their answer the contract entered into between them to that effect. They aver that the plaintiffs, in making the repairs, acted so negligently, and provided such defective ways, that the boat fell to the ground, and was thereby so much strained and injured, that they had to pay the plaintiffs to repair her upwards of $4000, which the petition of the latter admits that they received. They further plead the prescriptions of one and three years, and, by way of reconvention, pray for damages. The plea of prescription was sustained below; whereupon, the plaintiffs appealed.

The contract referred to in the answer, after specifying the main repairs which were to be made for $1600, provides that any other work shall be extra, and charged at customary prices. The judge below was of opinion that, as it appeared from the account of the plaintiffs, that the stipulated sum had long since been paid, the balance of the claim yet unpaid, which was on a bill of particulars for supplies of materials and labor, fell within the prescription of one year, provided by article 3499 of the Civil Code.

In deciding the question of prescription, to which we propose to confine our attention, it is unnecessary to determine whether all the charges in the account are covered by the contract, or whether they have partly been rendered necessary by the alleged negligence of the shipwrights, and the insufficiency of the preparations made to haul up and block the boat for the purpose of the intended repairs. The article of the Code relied on does not, in our opinion, apply to shipwrights who undertake to build or repair ships or other vessels, whether under a contract for a stipulated sum, or on a *quantum meruit*. It contemplates, we think, only the claims of the workmen and laborers for their daily or monthly wages, and those of the sellers of raw materials for the price thereof, against the persons with whom they contract directly, whether it be the owner himself or the undertaker; but those who, like the plaintiffs, undertake to build or repair a vessel, are neither workmen or laborers claiming their wages, nor are they the furnishers of wood or other materials claiming the price thereof. In the execution of their undertakings, they employ mecha-

nics of different trades, and procure the wood, iron, and other necessary articles ; and their remuneration is compounded of the wages they pay to these people, the disbursements they make in purchasing every thing necessary, the use of their yards and ways, and their personal trouble and care in superintending the whole work. Their claim, although presented in the shape of a bill of particulars, where there has been no sum agreed on for the job, is one entire claim for the construction or repairs they have under-taken ; and no particular items, either of labor done or materials furnished, can be taken or singled out of their account, and sub-jected to the short prescription of one year. The decision now made accords with our former adjudications on this article of the Code. 6 La. 393. 10 La. 230. 19 La. 413. The judgment of the inferior court being based entirely on the plea of prescrip-tion, and the matters of fact involved in this controversy not hav-ing been passed upon below, we have thought it best to send the case back for a trial on its merits.

It is, therefore, ordered, that the judgment of the District Court be reversed, and the plea of prescription overruled ; and it is fur-ther ordered, that this case be remanded for further proceedings according to law. The costs of this appeal to be borne by the defendants and appellees.

*I. W. Smith*, for the appellants.

*Preston*, for the defendants.