## SETTER, HYDE & MACKIE v. ALEXANDER LANDRY.

By the " action of workmen, laborers and servants for the payment of their wages," which is prescribed by one year under Act 3499, C. C., is meant only the action of such workmen, laborers and servants against their immediate employers who hire them by the day or by the month, and not the action of a contractor who undertakes a specific job.

The action on the contract is not barredd by one year, although the charge is made up partly of the items for which they had to pay workmen and material men.

APPEAL from the District Court of St. Martin, A. Voorhies, J.
J. G. Olivier, for plaintiffs. Simon & Gary, for defendant and appellant..

SPOFFORD, J. The plaintiffs, keepers of a dock at Algiers, sued the defendant, owner of the steamboat Pitser Miller, upon an account for $1972 19 for docking, overhauling and repairing the said steamer, and furnishing materials for said work. The defendant sets up a claim for $3000 in reconvention. The District Judge rendered a judgment in favor of the plaintiffs for $1472, rejecting the reconventional demand altogether. The defendant has appealed, and the plaintiff in answer thereto prays that the judgment be increased to the amount claimed in the petition.

The defendant insists, that the prescription of one year is applicable to the whole account sued upon, and if not to the whole, at least to such portions of it as embrace materials furnished for the repair of the vessel. He cites the Article 3499 of the Code to support this plea. The construction of this Art. has been judicially settled. By " the action of workmen, laborers and servants for the payment of their wages," is meant only the action of such workmen, laborers and servants against their immediate employers who hire them by the day or by the month, and not the action of a contractor who undertakes a specific job, and it is immaterial whether the price of the job be fixed by contract or left for adjustment upon a *quantum meruit*. *Gallaspy* v. *Livingston*, 5 An., 671. And by the action "for the supply of wood and other things necessary for the construction, equipment and provisioning of ships and other

SETTER<br>v.<br>LANDRY.

vessels," is meant the action of the sellers of the raw materials only, against the parties who buy directly from them whether they be the owners of the vessel or undertakers for repairs. This was directly decided in the case of *Harrod* v. *Woodruff*, 3 Rob., 336, where it was held, that shipwrights who undertake to build or repair a vessel are neither workmen or laborers claiming their wages, nor are they furnishers of wood or other materials claiming the price thereof. They themselves hire workmen and buy materials. Their own contract is to do a job. Their remuneration for this is an entire charge, although made up partly of the items for which they have had to pay workmen and material men ; but the action of the contract is not barred by one year—that of the workmen against their immediate employer for daily or monthly wages and that of material men against their immediate builders for the price, is barred by that term.

The demand for damages pleaded in reconvention grows out of an alleged delay on the part of the plaintiffs in performing their contract to repair the *Pitser Miller*. But there was no contract that the work should be finished within a limited time. It appears, that a day was fixed for putting the boat in the dock, and that although she was ready, four or five days elapsed before she was docked. The expenses for keeping the boat there for that time would be all the damages that could be allowed. It does not appear that the subsequent grounding of the boat in the Atchafalaya was the proximate result of this delay in docking her. Such damages are too remote and conjectural to be considered even had there been a contract to repair the boat by a certain time. The expenses for the delay actually proven do not exceed $150. As the District Judge allowed a deduction of $500 for overcharges in the plaintiffs' bill, a deduction which, under the evidence, seems to us extremely liberal, we are not disposed to interfere with the judgment.

The appellant certainly has not sufficient reason to complain; and the appellees' prayer for an amendment in his favor must also be refused, there not being a manifest error to his prejudice.

Judgment affirmed.