M. C. Scharff and Frank Macheca, both of New Orleans, for appellee.

WESTERFIELD, J.

Plaintiff brings this suit against Thomas F. Moore for damages for personal injuries alleged to have resulted from a fall through the second floor gallery of the premises No. 1601 Chippewa street, owned by the defendant Moore.

There was judgment below in plaintiff's favor in the sum of $1,144, and defendant has appealed.

On the question of liability the defendant seems to rely entirely upon the contention that the accident did not happen, and his argument in this regard is based largely upon the ground that there was immediately under the hole in the gallery, through which plaintiff alleges she fell, an icebox upon which there rested a bowl of starch measuring about twelve inches in diameter and that the bowl of starch was undisturbed by her fall. In other words, the defendant claims that the fall could not have happened without upsetting the starch which was directly under the aperture in the gallery. Whatever may have been the situation with respect to the starch and the icebox, the evidence in the record is overwhelmingly to the effect that plaintiff did fall in the manner which she claims. She was a subtenant of the defendant and occupied a room on the second floor which was approached by means of a small gallery through which she fell. The hole in the gallery was caused by loose planking which was dislodged by the weight of plaintiff's body as she stepped upon it, although the planks themselves, which have been offered in evidence, seem strong enough to have supported many times plaintiff's weight. The trouble seems to have been that they were not secured. At any rate, at least two witnesses testified to seeing the hole in the gallery and plaintiff reclining upon the brick pavement below. She was transported to the Charity Hospital in an ambulance, where she remained some 46 days.

We, like the trial court, are convinced that the accident happened in the manner claimed, and, since there is no other defense we find the defendant liable.

Plaintiff's injuries consisted of a fracture of tne surgical neck of the right humerus and contusions and brush burns. Her physician, testifying some eight months after the accident, stated that there was a decided impairment in the muscular function of her right arm which he estimated to be about 25 per cent. of normal. He also stated that in the course of time this condition would right itself. Plaintiff's expenses, because of the accident, amounted to the sum of $160. She was a woman forty-eight years of age. It seems to us that the amount allowed by our brother below was correct.

For the reasons assigned the judgment appealed from will be affirmed.

Affirmed.

## MADISON LUMBER CO. v. ESTRADE. *
### No. 13853.

Court of Appeal of Louisiana. Orleans.
May 2, 1932.

---

*Rehearing den**d May 16, 1932.

Paul W. Maloney, of New Orleans, for appellant.

Deutsch & Kerrigan and Bert A. Flanders, Jr., all of New Orleans, for appellee.

HIGGINS, J.

This is a suit on an open account for the sum of $246.22 alleged to be due for building materials furnished and delivered to defendant, a contractor, between August 22, 1927 and August 26, 1927. Defendant filed a plea of prescription of three years, and in his answer pleaded payment, averring that the account had been paid in full on September 9, 1927.

There was judgment in favor of the plaintiff as prayed for, and defendant has appealed.

We shall first take up the question of prescription. The petition alleges and plaintiff proved that the building materials were sold' and delivered to defendant between August 22, 1927, and August 26, 1927, on an open account. The suit was filed on August 29, 1930, and citation served on defendant on September 23, 1930.

The relevant parts of article 3538, R. C. C., as amended by Act No. 78 of 1888, read as follows:

"Art. 3538. The following actions are prescribed by three years: * * *

"That on the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart.

"That on all other accounts. * * * * "

Counsel for plaintiff concedes that the above-quoted law establishes a prescriptive period of three years on open accounts, and that ordinarily plaintiff's action on each particular item claimed would be barred by the lapse of such a period from the time of the purchase of the material, but argues that an unusual circumstance existing here prevents the application of this general principle of law. He points out that the terms on which defendant purchased the materials were shown to be 2 per cent. ten days on sand and gravel and on plastering material 7 per cent.

ten days or 5 per cent. by the fifteenth of the following month, the net amount becoming due on the first of the month following the expiration of the last possible discount period, and he fixes the date, according to the testimony of the credit manager of the plaintiff company, as October 1, 1927.

█ It is clear that the prescriptive period begins to run from the accrual of the cause of action. Now the purchase price for the materials became due and exigible on the last day on which the defendant could take advantage of the discount period, i. e., September 15, 1927. When that date arrived, surely the whole claim became due and plaintiff's cause of action came into existence and could have been asserted at that time in the absence of a special agreement to the contrary.

Mr. Dubos, the credit manager of the plaintiff company, testified that, according to the company's custom, the bill matured October 1, 1927. Defendant in his testimony denied this, and his counsel contends that the cause of action accrued after the final discount date or September 15, 1927.

█ We do not believe that the plaintiff has successfully shown that the account accrued or that its cause of action came into existence on October 1, 1927, but feel that the defendant has proved that the cause of action came into existence on September 15, 1927; consequently, citation not having been served until September 23, 1930, the claim was prescribed because the three years had elapsed on September 15, 1930, and therefore defendant's plea of prescription should have been sustained.

Counsel for plaintiff relies on the case of Gasquet v. Board of Directors of City Schools, 45 La. Ann. 342, 12 So. 506, 507. That was a suit by an owner of school certificates against the board of directors of city schools for unpaid salaries of teachers and expense of maintaining public schools in the city for the years from 1872 to 1879, inclusive. The defendant pleaded prescription. The court said that, as it was neither averred nor proven that the necessary funds to pay the certificates had been placed in the school board treasury for that purpose, the court could not assume that such a fund existed for the term of the prescriptive period of five or ten years. The court said:

"We think the pleas of prescription are not well founded. Act 36 of 1873 makes it very clear that the claims evidenced by these certificates were not payable absolutely, or at any particular time. They are payable only out of the revenues of the years for which they are issued, and only when said revenues are collected, and in the manner therein provided; and the act further declared that 'no writ of fi. fa. or mandamus shall lie for the seizure of any school money, or to direct or

enforce its paying out, otherwise than in the manner and sequence required in this act.'

"This law formed a part of the contracts out of which these claims arose, and deprived the claimants of any legal remedy to enforce payment except out of particular revenues, when actually collected and covered into the treasury."

The court further found that there was nothing in the record to suggest that plaintiff had slept on his rights. We fail to find where any legal principle announced by that decision is applicable here because the plaintiff could have entered suit against the defendant at any time within the three-year period and certainly slept on its right in not doing so.

Having reached the conclusion that the plea of prescription was good, and that plaintiff's suit should be dismissed, it is unnecessary to discuss the defense of payment.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the defendant, Herman J. Estrade, dismissing plaintiff's suit at its cost.

Reversed.