## ANTOINE v. FRANICHEVICH.
### No. 14840.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1935.

For former opinion, see 161 So. 789.

Ernest J. Robin, of New Orleans, for appellant.

Fred W. Oser, A. Miles Coe, Harry Nowalsky, and Geo. M. Leppert, all of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, a plumbing contractor, claims of defendant $290.70. He alleges that at various times extending over a period of months he installed on each occasion, at the request of defendant, certain plumbing fixtures in a building owned by him. Defendant admits that all of the work was done as averred by plaintiff, but maintains that the claims for all of the items, except one for $53.40, are prescribed, and that the claim for the said $53.40 should not have been made against him for the reason that that work, so he alleges, was done at the request of his brother and at a time when the said brother was operating a business in the said building. For a more complete statement of the facts, see our original opinion, 161 So. 789, 790.

Concerning the item involving $53.-40, in our original opinion we said:

"Prescription was not pleaded as to item 15, amounting to $53.40, for which petitioner alleges that at the verbal request of defendant on or about May 11, 1931, he furnished and installed a hot water boiler and did certain other work in the kitchen. The record shows conclusively that on said date, May 11, 1931, defendant was no longer running the business known as the 'Vienna Gardens,' but was engaged elsewhere. That the said business was

being run and operated by defendant's brother in partnership with a third person. The said work was ordered by defendant's brother and not by defendant, and under the circumstances we believe that the judgment of nonsuit as to this item was correct."

After reviewing the record we find no reason to change our views as to this item.

Defendant bases his plea that the other claims have prescribed on his contention that those claims are presented in the form of an account and that article 3538 of the Civil Code is applicable, and that, therefore, since three years elapsed between the maturity of the last item claimed and the filing of the suit, all have been barred by the said prescription.

Plaintiff maintains that the prescription provided by that article of the Code has no application, that the claims are those of an undertaker, and that, therefore, the actions based thereon are personal actions, and that the prescription of article 3544 of the Civil Code controls.

Defendant argues that the 10-year prescription cannot be availed of for two reasons: First, because plaintiff, in his petition, has characterized his suit as one on an account; and, second, because the various plumbing installations were made without any previous agreement as to the respective prices which were to be charged.

We were at first impressed by the fact that, although each "job" had been originally ordered by defendant, no price had been agreed upon, and we were persuaded that, because of this omission to fix a price in each case, the employment of a contractor should be likened to the employment of a laborer, or a wage earner, and that, therefore, the prescriptive period could not be the 10-year period fixed under the above-mentioned article of the Code, and we were also of the opinion that the whole constituted a series of sales on account.

We are now convinced that where a plumber, or a brick-mason, or some other craftsman, is asked to furnish and install materials or fixtures, and the labor of installation constitutes any appreciable part of the value of the whole work, the effect of the acceptance of the order is to constitute the contractor an undertaker, and that this is true whether the work is done for an agreed price, or on a quantum meruit basis.

That the prescription applicable to charges of such character as those involved here is 10 years is firmly established in our jurisprudence.

In State ex rel. Szabary v. Recorder of Mortgages et al., 13 Orleans App. 292, this court clearly held the 10-year prescriptive period to be applicable. After a full discussion of many authorities, this court said that those authorities "prescribe the action of undertakers by ten years only." That this is true, whether the work done in each instance be for a price agreed upon in advance, or on a quantum meruit basis, has many times been definitely declared.

In Gallaspy v. Livingston, 5 La. Ann. 671, it was claimed that the prescription of 1 year provided by article 3499, Civ. Code, in the case of claims for wages of workmen, laborers, etc., should be applicable to such a situation as this. The court, however, held that that article could have no application, saying:

"It has been often and uniformly held in our courts, that the article relied on applies only to the wages of workmen, laborers and servants who are employed by the day or by the month, and not to claims for the value of work done by the job, and of materials furnished for said work on a quantum meruit, as was the case in this instance."

In Ariail v. Fenwick, 19 La. 413, the same conclusion was reached, the court saying that the prescription is not that provided for claims by workmen because the article fixing that prescription applies "not to a claim for the value of certain pieces of work done by the job, and materials furnished, whether it be under a specific agreement, or on a quantum meruit." See, also, Harris et al. v. Knox, 10 La. 229; Morrison v. Leeds, 6 La. 591; Setter, Hyde & Mackie v. Landry, 12 La. Ann. 842.

In the last of the above-cited cases the Supreme Court clearly declared that, in determining the nature of the claim where work is done, "it is immaterial whether the price of the job be fixed by contract or left for adjustment upon a quantum meruit."

The action, therefore, of an undertaker or a contractor for work done under the conditions which we find existed here is prescribed, not by the 1 year fixed in article 3499 of the Civil Code (now article

3534), but by the prescription·of 10 years applicable to personal actions.

Although in our original opinion we reached the conclusion that since, to his petition, plaintiff had annexed "statements of account," that fact made this a suit on an account, and that, therefore, the action should prescribe in 3 years under article 3538, Civ. Code, we have given the matter further thought and now conclude that the suit is not one on account.

It is true that plaintiff uses the words "statements of account," but he does not thereby make the suit one on an account within the contemplation of Civ. Code, art.· 3538. The use of the word "account" is noted in all of the above-quoted decisions, but the word is used in those decisions and is used here in a sense different from that contemplated by the article of the Code referred to. In the Code it is intended that the word shall include sales on account, and not that the mere fact that an account must be rendered, or a bill must be sent out, for personal services rendered, shall deprive the claimant of his rights in a shorter time than is fixed in the particular article of the Code which determines the prescriptive period for claims of the particular kind involved.

In other words, it cannot be said that a contractor who does work under a written contract and then who later does further work for the same person, under another written contract and who would be entitled to a period of 10 years within which to bring his suit for the price of the two jobs, loses his right to sue at any time within the 10-year period merely because he sends a bill or statement of account to the person for whom the two jobs have been done. The prescriptive period is fixed by the nature of the debt and not by the fact that an account is rendered showing that the debt is due.

It is therefore ordered, adjudged, and decreed that the original decree herein be, and it is, recalled and annulled, and it is further ordered that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, Sylvain Antoine, and against Matt Franichevich in the sum of $237.30, with legal interest from judicial demand, and for all costs.

Original decree annulled; judgment of trial court reversed.