184 La. 612

## ANTOINE v. FRANICHEVICH.
### No. 33748.

Supreme Court of Louisiana.
March 2, 1936.

Hugh M. Wilkinson, A. Miles Coe, Fred. W. Oser, and George M. Leppert, all of New Orleans, for relator, Matt Franichevich.

Ernest J. Robin, of New Orleans, for respondent, Sylvian Antoine.

HIGGINS, Justice.

This is an action by a plumbing and heating contractor, who furnished both material and labor, to recover the sum of $290.70, which amount is said to represent reasonable charges for performing fourteen separate and distinct repair and improvement jobs for the defendant between January 23, 1928, and May 11, 1931, under alleged verbal agreements, without the respective amounts being fixed by the parties thereto. The suit was filed on October 23, 1933.

Defendant admits the allegations of thirteen of the separately numbered articles of the petition wherein is set forth the nature of the work performed, the materials used or furnished, and the dates the orders for the jobs were given by the defendant, but he pleaded three-year prescription to these thirteen claims, under the provisions of article 3538 of the Revised Civil Code. Defendant denied that he owed for the fourteenth alleged job.

The trial court sustained the plea of prescription and dismissed the plaintiff's suit covering the claims for thirteen jobs and nonsuited the claim for the fourteenth job on the ground that plaintiff did not satisfactorily prove that defendant ordered the work done. The plaintiff appealed.

The Court of Appeal affirmed the judgment of the lower court, holding that the plea of prescription of three years was good, as plaintiff was suing on an account for labor and materials furnished. 161 So. 789.

On rehearing, the Court of Appeal reversed itself, pointing out that the court originally had treated the suit as one on an open account, because the claims or charges for the fourteen different jobs were itemized, but stated that, on further consideration, it concluded that the suit was one predicated on verbal contracts by the defendant with an undertaker or contractor and, therefore, the respective claims for the jobs performed were prescribed by ten years under article 3544, Rev.Civ.Code, and not article 3538, Rev. Civ.Code, 163 So. 784.

We granted a writ of certiorari on the defendant's application, and the matter is before us for review.

The defendant admits article 2 of the petition, in which the plaintiff expressly alleged that he was engaged in business as "a plumbing and heating contractor." The amount charged for each job is alleged in separately numbered paragraphs or articles in the petition. The price of the materials and the cost of labor for each job is not stated. Annexed to the petition are fourteen separately numbered statements or bills covering the charge for each job. There is also annexed to the

petition one general statement covering the prices charged for the respective jobs. The evidence shows that the plaintiff's employees made the repairs or improvements under his supervision; and that there were many demands for payment without avail, notwithstanding repeated promises to pay.

It is obvious that, under the admitted allegations of the petition and the facts contained in the record, plaintiff cannot be classified as a laborer or workman suing his employer for services performed, which claim for wages is prescribed by one year under article 3534, Rev.Civ.Code. It is equally clear that, under the circumstances, plaintiff cannot be said to be a mere furnisher of materials on open account, whose claim is prescribed by three years under article 3538, Rev.Civ.Code. Madison Lbr. Co. v. Estrade (La.App.) 141 So. 431.

Plaintiff is a contractor or undertaker, who furnished the labor and materials in performing the jobs for the defendant under verbal agreements, without the prices therefor being stated. Ogden v. Fowler, 4 La. 112; Harris v. Knox, 10 La. 229. He charges the defendant not merely for the labor of his men and the materials furnished and used in each instance, but an alleged "reasonable sum" for each job. Defendant, in his answer, admits these allegations.

The law is clear that a contractor's claim is prescribed by ten years. Article 3544, Rev.Civ.Code; Brown v. Staples, 138 La. 602, 70 So. 529; State ex rel. Szabary v. Recorder of Mortgages et al., 13 Orleans App. 292; Gallaspy v. Livingston, 5 La. Ann. 671; Ariall v. Fenwick, 19 La. 413; Morrison v. Leeds, 6 La. 591; Setter, Hyde & Mackie v. Landry, 12 La.Ann. 842.

Defendant argues that the above-cited cases are not in point, because, in the instant case the orders were verbal and the prices for the jobs were not stated and, therefore, this is a suit on an account which is prescribed by three years, under article 3538, Rev.Civ.Code. The foregoing authorities definitely show that those who furnish labor and material in performing a job are undertakers or contractors and not laborers or materialmen selling on open account.

It is well settled that prescription is determined by the character which the plaintiff gives his pleadings and that the form of the action governs prescription. Sims v. N. O. Ry. & Light Co., 134 La. 897, 64 So. 823; Reynolds v. Reiss, 145 La. 155, 81 So. 884; Martin v. Texas Co., 150 La. 556, 90 So. 922; Bickham v. Gulf Ref. Co. of La., 161 La. 734, 109 So. 405.

A contractor or undertaker's claim for performing a job for which he furnished labor and material is prescribed by ten years, whether or not the price is agreed upon or the work executed under a written or verbal contract.

The claim for the fourteenth job was nonsuited for lack of proof. There is no complaint about it here.

For the reasons assigned, the judgment of the Court of Appeal, on rehearing, is affirmed.