REGAN, Judge.
Plaintiff, Jake J. Morello, a licensed electrical contractor, instituted this suit against defendant, John Viola, conducting his business under the trade name of Orleans Quality Cleaners, endeavoring to recover the sum of $455.63, representing the fair and reasonable cost of labor and materials expended in the consummation of various electrical work effecting these facilities servicing defendant’s laundry, located in 2900 Elysian Fields Avenue, in conformity with an oral contract entered into on November 30, 1947, and completed on November 10, 1948.
Defendant pleaded the exception of vagueness, which was overruled and then answered denying the existence of an oral contract and, in the alternative, pleaded payment.
From a judgment in favor of plaintiff as prayed for, defendant prosecutes this appeal.
The record reveals that in support of his claim, plaintiff produced his books and records in response to a writ of subpoena duc-es tecum and then testified that on or about November 30, 1947, he entered into an oral contract with the defendant relating to the “installation, modification and repair” of various electrical facilities servicing the defendant’s business located in 2900 Elysian Fields Avenue; and that during the progress thereof extra work was performed at the request of the defendant, all as per an itemized statement encompassing labor and material which was annexed to and made part of his petition, reflecting that all of the work was performed between the dates of November 30, 1947 and November 10, 1948.
At this point in the testimony defendant interposed an objection predicated on the hypothesis that the plaintiff was endeavoring to enlarge the pleadings, since he had alleged that only one oral contract was entered into on November 30, 1947. This objection was overruled and defendant then urged a plea of prescription which was also overruled.
Plaintiff resumed testifying and conceded that he had failed to render a bill to the defendant for a period of about two years and justified this suspicious procrastination on the ground that he believed the account to be good; he did not need the money and that he had followed this identical practice in connection with several other accounts, which was satisfactorily substantiated under direct and cross-examination.
Plaintiff then produced Joseph A. Mann, a licensed electrical contractor, who testified relative to the fairness and reasonableness of the statement rendered to the defendant, whereupon the plaintiff closed his case.
Although the defendant was present in court, his counsel did not offer his testimony to rebut the prima facie case created by plaintiff and his witness, but chose instead to rest his case and to simply reurge his plea of prescription of three years.
Counsel for defendant insists, on appeal, that plaintiff alleged one oral contract which was entered into on or about November 30, 1947, and he was then permitted, over timely objection made by him, to testify that other work was also done at the request of defendant between the dates of November 30, 1947 and November. 10, 1948.
We find no merit in this contention in view of the fact that plaintiff alleged in his petition that the oral contract was entered into on or about November 30, 1947, *31 and completed on November 10, 1948; the agreement covered “the installation, modification and repair of electrical service * * * as will more fully appear from the attached bill and statement of work performed, annexed hereto and made part hereof, as if copied herein in extenso.” The statement or bill, which is made part of the petition, is entitled “Electrical work performed on the premises 2900 Elysian Fields Avenue between November 30th, 1947 and November 10th, 1948.” Obviously, the objection was properly overruled since plaintiff’s testimony was in conformity with the allegations of his petition and not an enlargement thereof.
Defendant also reurges his plea of prescription of three years based on LSA-Civil Code Article 3538, on the theory that plaintiff was a laborer.
Plaintiff, on the other hand, insists that the defense of prescription not being especially pleaded, need not be considered, but, in any event, a contractor’s claim for labor and material is prescribed in not less than ten years.
We entertain the opinion expressed by the Supreme Court in Antoine v. Franichevich, 1936, 184 La. 612, 167 So. 98, 99, that:
“Plaintiff is a contractor or undertaker, who furnished the labor and materials in performing the jobs for the defendant under verbal agreements, without the prices therefor being stated. Ogden v. Fowler, 4 La. 112; Harris v. Knox, 10 La. 229. He charges the defendant not merely for the labor of his men and the materials furnished and used in each instance, but an alleged ‘reasonable sum’ for each job. * * *
“The law is clear that a contractor’s claim is prescribed by ten years. Article 3544 Rev.Civ.Code; Brown v. Staples, 138 La. 602, 70 So. 529; State ex rel. Szabary v. Recorder of Mortgages, 13 Orleans App. 292; Gallaspy v. Livingston, 5 La.Ann. 671; Ariall [Ariail] v. Fenwick, 19 La. 413; Morrison v. Leeds, 6 La. 591; Setter, Hyde & Mackie v. Landry, 12 La.Ann. 842.
******
“It is well settled that prescription is determined by the character which the plaintiff gives his pleadings and that the form of the action governs prescription. Sims v. N[ew] Orleans] Ry. & Light Co., 134 La. 397, 64 So. 823; Reynolds v. Reiss, 145 La. 155, 81 So. 884; Martin v. Texas Co., 150 La. 556, 90 So. 922; Bickham v. Gulf Refining Co. of La., 161 La. 734, 109 So. 405.
“A contractor or undertaker’s claim for performing a job for which he furnished labor and material is prescribed by ten years, whether or not the price is agreed upon or the work executed under a written or verbal contract.”
The merits of the case on appeal pose for our consideration only a question of fact, namely, whether plaintiff failed to receive payment for the labor and material which he expended in the consummation of the oral contract entered into on November 30, 1947, and extra work performed in connection therewith? The trial judge answered this question in the affirmative and our careful examination of the record fails to reveal any error in his conclusion.
The plaintiff, by virtue of his own testimony and that of his witness, created a prima facie case. The defendant, although present, failed to testify in behalf of himself.
This case affords a classic example for the application of the rule that when a party to a suit fails to testify to cardinal facts obviously within his knowledge and vital in determining the just result of the litigation, the presumption exists that his testimony, if adduced, would be unfavorable. A full discussion relative to the applicability of this rule occurred in Ensminger v. New Orleans Public Service, Inc., La. App., 65 So.2d 402, which case reflects a majority, concurring and dissenting opinion.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.