LOTTINGER, Judge.
This matter is before us on an appeal taken by one Dewey Miller from a Judgment of the Court below maintaining an opposition to his application for letters of administration in the matter of the Succession of Martha Magee, deceased. The tidal judge has favored us with written reasons for his ruling on the opposition to the appointment of the proposed administrator, which' are as follows: ■
“This matter arises as a result of an application for letters of administration of one Dewey Miller, who alleges himself to be a creditor of this Succession in the sum of $557.39 for goods, wares and merchandise sold, to the deceased by the applicant, and which it is alleged is now due and owing by the Succession. According^, the creditor prays that he be appointed as administrator and letters of administration be issued to him.
“Since the allegations of the petition for letters of administration set forth that all the known heirs of the deceased were nonresidents of the State, I appointed Hon. Dan W. Graves, Jr. as attorney for the absent heirs, and he filed an opposition to the appointment of Dewey Miller as administrator of this estate on the ground that the said Dewey Miller was not a creditor of said estate and that the claim he had filed in connection with his application had prescribed by the lapse of three years under the laws of the State of Louisiana.
“The facts in this matter show that Martha Magee died on October 2nd, 1952. The itemized statement of the account which is the basis of the indebtedness of the alleged creditor shows that various purchases were made by the deceased from the Dewey Miller Lumber Company during the years 1948 and 1949. However, this account does not show any purchases during -'‘he year 1950 or 1951, or up until the time of the death of Martha Magee on October 2nd, 1952. The account shows a credit thereon in the year 1950; there are no debits or credits on the account during the year 1951, and for the year 1952 there are no debits, but there is a credit shown on December 8, 1952, which was approximately two months after Martha Magee died, and there is a further credit shown on the account on January 3, 1953, which of course, was more than a year after she died. Thus,, since no payment was made on the account by Martha Magee during her lifetime or during the year 1951, and the payments during 1952 and 1953 were subsequent to her death, and this application for administrator was not filed until January 14, 1954, then the opponents plead prescription by lapse of three years on an open account under the provisions of Article 3538 of the Revised Civil Code.
“From an examination of the account the credits and payments are as above outlined, and since more than three years have elapsed since any payment by the debtor on said account, then there can be no question but what the prescription is applicable under Article 3538 of the Revised Civil Code, unless there has been an interruption of said prescription.
“At the time of the trial of the opposition Counsel for applicant sought to show by parol testimony that sometime prior to Martha Magee’s death, it was agreed that the account was an account stated and on which she agreed to pay the sum of $10.00 per week. At the time this parol testimony was offered it was objected to by Counsel for opponents on the ground that it was incompetent and inadmissible to prove the liability or debt of a party deceased if a suit upon the debt asserted for liability had not been brought within twelve months after the death of the deceased. Of course, as heretofore stated, Martha Magee died October 2nd, 1952, and this application for letters of administration was not filed until January 14, 1954. Counsel for opponent cites, in support of the proposition that parol testimony was inadmissible, Louisiana Revised Statutes Title 13, 215 La. 13, Sec *139 tion 3721, which provides that in order to offer parol evidence to prove a debt or liability on the part of a party deceased, a suit must be filed, within one year after the death of the debtor. Counsel for applicant, however, contends that the application for letters of administration by a creditor does not constitute the filing of a suit within the intendment of the above Revised Statutes. 'However, the Supreme Court of this State in the case of Succession of Dugas, 215 La. 13, 39 So.2d 750, has held adversely to the contentions of the attorney for applicant, for in that case it was even held that the filing of an account by an administratrix constituted the filing of a suit within- the intendment of said act. I, however, do not see how it could be argued that where a creditor seeks to collect an indebtedness through obtaining letters of administration that he is not filing a suit for the purpose of the collection of a. debt. Thus, since the applicant for administration was not filed within one year after the death of Martha Magee, then the parol evidence which was offered herein was inadmissible and cannot be entertained by the Court.
Accordingly, since the application for letters of administration by the creditor shows that it is based on an open account, an itemized statement of which is annexed to the application, and an examination of this account shows that more than three years have run without any payment having been made thereon by the deceased, then the plea of prescription of three years must be maintained and the opposition to letters of administration to the applicant Dewey Miller will likewise be maintained.”
The judgment in the Court below not only dismissed the application for letters of administration but also fixed the fee for the attorney for the absent heirs at the sum of $100. The absent heirs, through their duly appointed attorney, Mr. Dan W. Graves, Jr., have answered the appeal praying that the fee fixed for said attorney be increased to the sum of $200.
" A consideration of the record and the trial judge’s ruling, as set out above, convinces us that the latter are eminently correct. We also feel that the fee set for the attorney for absent heirs is fair and reasonable and hence we will leave same, undisturbed.
Finding no manifest error in the Judgment appealed from, the same is hereby affirmed.
Judgment affirmed.