JANVIER, Judge.
Defendant appeals from á ■ judgment against him, complaining solely on the ground that a plea of prescription of three years should have been sustained with the resulting dismissal of the suit.
On September 29, 1951, plaintiff filed suit against defendant, praying for- judgment for $352.74, with interest and costs and alleging that it had “furnished and delivered to defendant the labor and material set forth on the annexed copies of invoices.”
, The petition itself does not show the dates on which the labor and materials shown in the two attached invoices were furnished.
The smaller invoice for $37.70 does show that the work represented therein was done from 8:00 P.M. through 11:00 P.M. on the night of September 30, 1948.
The larger invoice for $315.04 does not show any dates. It does show the details for which the charge is made, such as-“cleaning all gutters, replacing one section of gutter, repairs to overflow pipe, furnishing and fabricating two sections of roofing,” and many other similar items.
*571 To this petition the defendant filed an exception of vagueness directed at the failure of petitioner to set forth the dates on which the labor and material represented .by the larger invoice were furnished. The exception of vagueness was maintained insofar as the larger item was concerned and plaintiff was ordered to amend its petition, and to set forth the period within which the work covered- by the said invoice was performed. In compliance with this order, plaintiff filed a supplemental petition in which it alleged “that the labor and materials covered by its invoice No. 8076” (the larger invoice) “were furnished in the period commencing September 2nd and ending September 9th, 1948.”
When this supplemental petition was filed, defendant filed a plea of prescription of three years, contending that under LSA-Civil Code Article 3538 prescription had accrued as to that part of the claim, When this plea of prescription was filed, plaintiff filed a supplemental petition in which it alleged that it “is a roofing contractor, and in the course of its normal operations fabricates roofing material, and furnishes the labor to install said roofing material on roof repair jobs it undertakes,” and that though “no fixed price was agreed upon by petitioner and defendant when defendant requested petitioner to repair his roof, * * * ■ the claim herein sued on consists of a fair and reasonable price for the labor arid materials contracted for by defendant and furnished by petitioner.”
The plea of prescription of three years was never expressly passed upon by the Court, 'but when the second supplemental petition was filed, defendant filed an exception thereto on the ground that this second supplemental and amended petition “changes and alters the cause of action as set forth in the original petition.”
This exception was overruled and defend-' ant was given ten days to answer and then filed answer denying all of the essential állegations of all three petitions.
After a trial there was judgment in favor of plaintiff for $315.04, the amount of the larger portion of the claim but rejecting the demand on the smaller portion of the claim which was for $37.70. From this judgment defendant has appealed.
Plaintiff, corporation having gone into liquidation, the liquidator, Ernest Blatt-mann, answered the appeal and prayed that the judgment be amended by the allowance of the additional amount of $37.70 and that, as thus amended, the judgment be affirmed.
So far as the larger item is concerned, the controversy hinges upon the question of whether the material and labor were furnished on contract or ' on open account, defendant exceptor maintaining that under the original petition it appears that-the labor'and material were furnished on open account and that therefore prescription of three years as provided by LSA-Civil Code Article 3538 is applicable. Plaintiff, on the other hand, maintains that wherever labor and material are furnished, they are furnished under contract and that accordingly the ten year prescription provided by LSA-Civil Code Article 3544 is applicable. Counsel for plaintiff maintain that even the original petition must be interpreted as alleging that there was a contract and they argue that in order that there be a contract it is not necessary that a purchase price be agreed upon and in support of this contention direct attention to the decision of our Supreme Court in Antoine v. Franichevich, 184 La. 612, 167 So. 98, 99. There the Court plainly said that where there is an agreement to furnish material and labor, there is a contract even though no price is agreed upon.
“A contractor to undertaker’s claim for perforrriing a job for which he furnished labor and material is prescribed by ten years, whether or not the price is agreed upon or the work executed under a written or verbal contract.”
Counsel for defendant concedes that the Court so held in that case, but says that it has no application here, contending that there was no meeting of the minds at all *572 for the reason that the defendant was under the impre'ssion that the work on which the larger invoice is based was to-be done without any charge at all. He says that he attempted to prove that plaintiff had done the work on the roof of defendant’s building and had'been fully paid for that work and that later, when it was found that the work wa's defective and that the roof still leaked, plaintiff was called upon to comply with the guarantee which went' with the original contract and that' there was an understanding that no payment for doing that work would be required.
It is a little difficult to understand just what position counsel for defendant now takes for although he concedes that in the. present state of the record if the plea of prescription of three years cannot be maintained, the judgment must be affirmed, still he asserts that he should be permitted to show that, though the work was done at the request of defendant, it was his understanding that it was to be done under the guarantee. He does not contend that on the merits of the case this defense should be maintained, but merely that he should have been permitted to show that it was understood that no charge was to be made in order that he might point to this. to establish the fact that there was no contract. He bases his present argument on the contention that plaintiff should not have been permitted to change its position and that since, in the original petition, it alleged facts which, according to him, show an open account, in its second supplemental petition it changed the allegations so as to allege a contract.
We do not see that there has been a change in the position of plaintiff. In its first petition it alleges facts which we think must be interpreted as alleging a contract. It alleged that it had furnished labor and material ■ and, in the invoice, went into considerable detail as to what the labor and material consisted of. That was exactly what was done in Antoine v. Franichevich, supra, for there the Supreme Court said:
“Plaintiff ■ is a contractor or undertaker, who furnished the labor and materials in performing the jobs for the defendant under verbal agreements, without the prices . therefor being stated.”
The Court said:
“* * *■ under the circumstances, plaintiff cannot be said to be a mere furnisher of materials on open account, ' whose claim is prescribed by three years under article 3538, Rev.Civ. Code. * * *”
The Court, citing many cases, then said:
“ * * * The foregoing authorities definitely show that those who furnish labor and material in performing a job are undertakers or contractors and not laborers or material-men selling on open account.”
As we see the facts here, there is no doubt that defendant asked plaintiff to do the work represented by the larger invoice. There is no dispute over this. The dispute arises only over the question of whether the work was to be done without charge.
So far as the plea of prescription is concerned, and that is the only plea upon which defendant now depends, we see no distinction between the facts'which were alleged in the original petition and the facts which the Supreme Court found in the Antoine case. The only possible distinction between the two is that though the work was ordered, in the Antoine case no price was agreed upon, and in the instant case the defendant was under the impression that there would be no price at all.
The District Judge was correct in not maintaining the plea of prescription. He was also correct in rendering judgment in favor of plaintiff on the larger item sued on.
Since the record shows that the work represented by the smaller invoice was not ordered by the defendant but by his tenant and without his knowledge, the judg *573 ment, insofar as it dismisses the claim on that item, is correct.
Since the plaintiff corporation has gone into liquidation, the judgment in favor of the corporation in liquidation is correct.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.