YARRUT, Judge.
These two devolutive appeals were taken by Defendant. One is from a judgment for $383.26 on open account, signed on December 12, 1960; and the other from a judgment signed on March 9, 1961, refusing annulment of the first judgment alleged to have been procured by fraud and faulty domiciliary service.
We will consider first the suit for annulment. If the judgment were obtained fraudulently or without valid citation, the sufficiency of evidence would become moot.
Regarding the charge of fraud, we find nothing in the record that creates the slightest implication of fraud. Counsel for Plaintiff, a highly regarded and .reputable member of the Bar, testified that, after suit was filed, Defendant contacted him on several occasions and promised to make payment by a certain date from money she expected to receive from her former home in Georgia; that, when she failed to make payment, he proceeded to execute the default judgment previously obtained. Defendant admitted having several conversations with counsel.
Regarding validity of the domiciliary service, the charge of invalidity is that the domiciliary service was made on Defendant’s fourteen year old daughter, when the statute requires service to be made upon a person over sixteen years.
The pertinent part of the constable’s return on both original citation and notice ■of judgment reads:
“Received on * * * and on * * I served a true copy of the within citation and accompanying petition on Mrs. Marjorie Harris Callaway defendant herein serving same at his domicile 1413 Hillary Street in the hands of Linda Callaway (daughter) person over the age of 16 years residing there at the time of service defendant being absent at the time of service. All these facts I learned by interrogating said person.
“F. Dominique
Deputy Constable.”
The statute in effect when the service was made, LSA-R.S. 13:3471(8), reads, inter alia, as is pertinent here:
“ * * * The sheriff or constable before making such domiciliary service shall ascertain these facts from the person upon whom service is made and the return of the service by the sheriff or constable in such cases shall be conclusive if it be established that the person upon whom service was made actually resided in the house, though the person to whom process was addressed might have been present when the service was made. All the facts connected voith such service shall be set forth in detail in the return of the sheriff or constable, including the name of the person upon whom the service was made; and when such person refuses to give his or her name, the sheriff shall state that fact in his return.” (Italics ours.)
The deputy constable testified he made both the service of citation and notice of judgment on the daughter, who told him she was over sixteen. He did not ask her age on the service of notice of judgment because she had told him, on the citation service that she was over sixteen. As the birth certificate of the daughter shows she was born on April 17, 1946, she was fourteen years, eight months old when served with citation on December 10, 1960. Further, defendant admitted the papers were either given to her or placed on a dresser in her presence by her maid.
*88 Defendant sought to prove, with the corroboration by her daughter and her own fiancee, that the notice of judgment served on December 17, 1960, could not have been served on her daughter because her daughter was ill and confined to her bed. The deputy constable testified positively he served both on the daughter. He was unable to state the time, whether morning, noon or night, because he worked all hours of the day and night. The mother and fiancee testified the daughter was brought home from the hospital late on the date of December 17th and was carried upstairs to her bed too ill to remain up.
The evidence satisfies us that the petition and citation, and notice of judgment, were both served on Defendant’s daughter, who, in turn, gave them to Defendant; and that the deputy constable inquired of, and was informed by, the daughter that she was over sixteen years of age.
While the new LSA-Code of Civil Procedure only became effective on January 1, 1961, Article 1234 clearly shows the legislative trend and intention, as it reads:
“Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing therein as a member of his domiciliary establishment.”
As did the trial court, we are constrained to hold that the domiciliary service in both instances was valid.
Regarding sufficiency of proof on the confirmation of default, the answer depends upon whether the suit was upon an open account or one isolated transaction. If an open account, mere offer of an itemized and attested account is sufficient proof. Code Prac. Art. 312. If not a suit on an open account, documentary or parole testimony was required for confirmation. Plaintiff admitted that the itemized and attested account only was-offered on confirmation of default.
Defendant contends the transaction between them was a contract for labor and' material, and not one on open account;, and that there is a conflict between the original order and the itemized account; hence the proof is indefinite without substantiating documentary or parole testimony. We cannot agree. Antoine v. Franichevich, 184 La. 612, 167 So. 98.
A good test whether a transaction is an “open account” is the prescription applicable, whether three years under LSA-C.C. Art. 3538 for merchants selling at wholesale or retail; or ten years under LSA-C.C. Art. 3544 for all other personal actions not previously enumerated. In re Succession of Magee, La.App., 79 So.2d 137.
Plaintiff here is a nationally known retail merchant operating a chain of department stores and mail order houses. On May 26, 1960 Defendant was given a sales slip showing she had purchased unlisted merchandise, viz.:
“Cash price, $383.26
Deposit, 200.00
Bal. $183.26”
The itemized account attached to the petition shows material and labor, with credits as follows:
5/10/60
“Material and labor $354.84
Credit 154.84
Bal. $200.00
June 1/60
Material and labor $139.05
“ “ “ 244.21
Total 383.26
Credit 200.00
Bal. 183.26”
This last item of $183.26, plus the other item of $200.00, makes the total of $383.26, the amount sued for.
*89 The bill covers various items of material and labor purchased on three different dates, consisting- of slip covers, draperies, bedspreads, bolsters and door curtains.
Defendant contends that as the original sales slip shows the various purchases were made “P.O.C.” meaning “pay on completion”, that is, payable when material is delivered and placed, it was a contract for material and labor, and not a sale on open account.
As Plaintiff’s business was that of a retail merchant, and the purchases were made on credit on three occasions, the account was a running or open account. The fact that charges were made for labor to alter the articles purchased did not change the fundamental character of the dealings between the parties from an open account to a contract for labor and material.
The judgments in both cases are affirmed, defendant to pay all costs in both courts.
Affirmed.