LOTTINGER, Judge.
This case involves a claim by petitioner, State Lumber & Supply Co., Inc., against J. B. Gill and F. Phil Rousset, for building materials sold by petitioner for use in improvements made by Rousset on property owned by Gill. The Lower Court awarded a judgment in favor of petitioner and against defendants and the defendant, J. B. Gill, has appealed.
The evidence reflects that the petitioner sold certain building materials for use in improvements made by defendant, Rousset, on property owned by defendant Gill. Only two witnesses testified at trial for petitioner, namely, Mr. Gremillion, the Secretary-Treasurer of the petitioner corporation, who testified that materials were sold and delivered to the premises of defendant Gill; and Mr. E. C. Young, who testified that he was employed on the job by Mr. Rousset and that the materials were delivered and used in the improvements to the Gill premises. No testimony was adduced on behalf of defendant to offset the testimony of Mr. Gremillion and Mr. Young.
The record indicates that on May 29, 1968, the petitioner filed in the mortgage records of East Baton Rouge Parish a ma-terialman’s lien against the premises owned by defendant Gill. This suit was filed on April 29, 1969. As petitioner failed to record the notice of filing suit as required by R.S. 9:4812, the lien has now prescribed. Therefore, this suit resolves itself into one for personal judgment against the two defendants.
*640 The provisions of R.S. 9:4812 are as follows :
“When the owner, or his authorized agent, undertakes the wdrk of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, the owner or his authorized agent may file an affidavit that the work has been completed, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, an affidavit of his claim, which recordation, if done within sixty days after the date of the affidavit of completion or if no affidavit of completion is filed within sixty days after the date of the last delivery of all material upon the said property or the last furnishing of services or the last performance of labor upon the same, by the said furnisher of material or services or the said laborer, shall preserve a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have furnished service or material or performed any labor in connection with the said work or improvement, as his interest may appear. The said claim, recorded as aforesaid, shall preserve a privilege against the property for a period of one year from the date of its recordation, and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such cause of action shall prescribe within one year from the date of the recordation of the claim in the mortgage records of the office of the clerk of court or the office of the recorder of mortgages. The effect of the recordation of the claim shall cease and the privilege preserved by the recordation shall perempt unless a notice of filing of a suit (giving the name of the court, the title and number of the proceedings, and date of filing, a description of the property and a reference to the recorded claim), on said claim is recorded within one year from the date of the recordation of the inscription of said claim. Such notice of filing suit shall preserve the privilege until the court in which the suit is filed shall order the cancellation of the said inscription of the said claim and the notice of the filing of suit on said claim or until the claimant authorizes the clerk of court or recorder of mortgages to cancel the said inscriptions.
The foregoing provisions shall not in any way interfere with or abrogate the right given an owner under R.S. 9:4842 to bond out any claim or claims recorded, nor shall said provisions apply to any claims recorded or lawsuits existing on July 27, 1966.
Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or subcontractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim, which cause of action shall prescribe one year after the date of said recordation. This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent.
The said privilege shall be superior to all other claims against the land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor’s privilege, whether arising from a sale or arising from a sale and resale to and from a regularly organized homestead or building and loan association, if the vendor’s privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished. The claim for wages of a la *641 borer for work done by him on any building, shall, whén properly presented and recorded by him in accordance with the provisions of this Sub-part, preserve in his favor a privilege on the land and improvements which will prime the right of mortgagees or vendors.”
In his brief, defendant Gill, after setting forth the fact that the right of action, as set forth in said statute, against the owner of the work is statutory and must of necessity be construed stricti juris, which, of course, is not denied by the petitioner, contends as follows:
“It is submitted that the two causes cannot be separated and that the in rem right of action is so closely tied in with the in personam cause of action that when the in rem right of action falls then it destroys the in personam cause of action which would have been available to the lienor. In other words, the statute has in essence given a lienor a means to secure payment through two sources, that is, a judgment in rem against the property should there be some reason why a judgment could not be collected against the owner of the property on a personal action, but unless the lienor acts timely under the provisions of the statute and complies strictly with the provisions of the statute, then and in that event all of the rights which were conferred by the statute are terminated.”
We do not agree with this contention of defendant Gill. We feel that paragraph 3 of said R.S. 9:4812 distinguishes the prescriptive period which applies when supplies are furnished to a contractor or subcontractor from the prescriptive period which applies when the service or material is supplied to the owner or his agent. According to the clear wording of said paragraph, when the services or materials are furnished to a contractor or subcontractor, the furnisher has a personal cause of action against the owner for a period of one year from the recordation of his claim, or lien. This cause of action prescribes one year after the date of said recordation. However, the last sentence of said paragraph provides “This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent.”
It is the opinion of this Court that when the material or services are furnished to the owner or his authorized agent, the prescriptive period would be that of three years on open account as provided in Article 3538 of the Louisiana Civil Code.
Thus the question determinative of the issues involved is whether this was a contract job or whether Rousset was hired as an employee or agent by defendant Gill.
In the pre-trial order held before the Trial Judge which is filed in the record of this proceeding and is signed by the attorneys for both parties to this appeal, Paragraph 4 thereof entitled “Established Facts” provides:
“Defendant Gill owned the house at 821 Rodney Drive in February, March and April of 1968, and hired F. Phill Rousset to make certain repairs and improvements thereon. Some of the materials for these repairs and improvements were purchased from State Lumber & Supply Co., Inc.”
Under this stipulation, it was apparent that Rousset was employed by Gill and would, therefore, be an employee or agent of the owner under the provisions of the last sentence of said paragraph 3. The prescriptive period in a personal suit against the owner would, therefore, be three years.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.