SAMUEL, Judge.
Plaintiff, an electrical contractor, filed this suit against the owner of the Jacksonian Apartments in New Orleans for the sum of $2,722.98, allegedly the balance due for the work performed on the building under a contract between the parties. The defendant answered, averring payment in full, and filed an exception of prescription. Following a trial on the merits, there was judgment in favor of the plaintiff in the amount claimed. The exception of pre *556 scription was dismissed. Defendant has appealed.
The record reflects that on July 27, 1966 plaintiff submitted a written proposal to the defendant to correct defects and make additions to existing electrical installations in the building for the sum of $1,968. The proposal stated it was void after 20 days.
The proposal was not accepted. By letter of August 17, 1966 plaintiff advised the defendant its proposal was no longer valid and that the work could be handled only on a time and material basis. Thereafter, on August 31, 1966, plaintiff submitted a new agreement based upon labor, social security and insurance, materials, sales and inspection fees, together with additional charges of 15% for overhead and 10% for profit. This agreement was accepted in writing. The acceptance is signed “Leon S. Poirier [the defendant] by A. Heller.”
Work began shortly thereafter and continued until January, 1967, when plaintiff refused to proceed because defendant was $1,164.11 behind in payments. Plaintiff then filed a lien in that amount against the property, and performed no further work until after September 19, 1967 at which time the past due balance was paid. The lien was cancelled.
Plaintiff resumed the work later in September, 1967 and continued working until November, 1967 when the apartments were either sold or their sale was contemplated. Defendant was billed $2,722.98 for the work performed during those months and a lien was inscribed against the property in that amount on November 9, 1967. The lien was not reinscribed and no suit was filed until this in personam proceeding was instituted on November 4, 1969.
In this court defendant contends the trial court erred: (1) in failing to sustain his exception of prescription; (2) in finding that the contract was based upon a time and material agreement, rather than upon a fixed price; and (3) in failing to find that work performed after September, 1967 was, in fact, not authorized by him.
The first contention is without merit. Defendant relies on Revised Statute 9:4812 which provides, in pertinent part: '
“Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim, which cause of action shall prescribe one year after the date of said recordation. This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorised agent.” LSA-R.S. 9:4812. (Emphasis ours).
This case comes within the purview of the last sentence in the above quotation, which sentence we have emphasized. Here the work was performed for the owner by the contractor and the suit, personally against the owner, is on the cause of action under the contract between them.[1] The prescriptive period is that of ten years under Civil Code Article 3544[2] and not one year under R.S. 9:4812.
Defendant’s second contention is based upon the assertion that the work by plaintiff was performed pursuant to the July 27 fixed price proposal of $1,968 rather than the time and material contract of August 31. The record contains no evidence that the July 27 proposal was accepted by the defendant. While the defendant denied authorizing his employee, Mrs. Heller, to accept the time and material contract of August 31, she testified unequivocally that she had read the contract *557 to i him and he had specifically authorized her to sign the same on his behalf. We also note the following: The work at issue began in early September, very shortly after the date of the time and material contract; all of the invoices sent to the defendant reflected charges based on time and material calculations and referred to the proposal of August 31; the defendant made four payments by cash and checks in a total amount of $3,164.11 based on the itemized invoices, substantially more than the original fixed proposal of $1,968. Considering these facts, we are in complete agreement with the trial court’s conclusion that the work was performed under the time and material contract of August 31.
Finally, defendant contends the contract was terminated following his last payment and that any work done thereafter was not authorized by him. He testified he did not know plaintiff had returned to the job in September and that when he discovered the work had been resumed he informed plaintiff by letter that he would not be responsible for any work done on the property on order from “Mrs. Marino, Mrs. Finley or anyone else without my approval.” The letter is in evidence and is dated October 27, 1967. Plaintiff admitted receipt of the letter. He testified: Relations had been strained between him and the defendant after the filing of the first lien; he returned to work in September at defendant’s request to “finish the job”; the work was continued until he discovered the building was to be sold.
The trial court must have found as a fact that plaintiff reasonably considered the October 27 defendant letter as authority to proceed with the work only under the personal approval of the defendant and not as an order to stop work. Considering all of the circumstances involved, in this case, we do not disagree with that conclusion.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. State Lumber & Supply Co. v. Gill, La.App., 259 So.2d 639.

. LSA-C.C. Art. 3544; Morello v. Viola, La.App., 66 So.2d 29.